## McQUARRIE and Another *v.* HILDEBRAND.

INJUNCTION—AFFIDAVIT.—An application for injunction will not be granted unless the complaint is verified by affidavit.

POSSESSION—INJURY.—The writ will not be issued to prevent the grantee's taking possession of real estate under a deed of conveyance alleged to have been fraudulently obtained, when the grantee is responsible, the rental value of the land affording in law full compensation for the loss of possession; nor in such a case will the writ be issued to prevent the cutting of timber upon the averment that it will materially diminish the value of the premises.

PROOF.—In a suit for rescission, asking an interlocutory order of injunction, when the answer denies every material averment of the complaint, and is verified by affidavit, the court should not grant the prayer for injunction without additional proof of the facts stated in the complaint.

APPEAL from the *Wayne* Circuit Court.

RAY, CH. J.—This action was brought by the appellee to set aside a sale and conveyance of land, and for an injunction. An interlocutory order of injunction was obtained, from which the appellants appeal to this court.

The complaint avers that *Hildebrand* conveyed to *Mc-Quarrie* certain described real estate, and received therefor his ten promissory notes of $500 each; that *Hildebrand* retains possession of said real estate, and that at the date of said conveyance "he was very weak and feeble, both in mind and body, and wholly unfit to transact business;" that said *McQuarrie & Long* were partners, and his attending physicians, and induced him, by fraud, to make said conveyance; that they have cut a large quantity of wood on said farm, and have hauled a part of it away, and if not restrained, he believes they will haul away immediately two hundred cords, and that the cutting and removal of the timber will materially diminish the value of said land; that said *McQuarrie & Long* threaten to take immediate possession of said premises. There is an averment of the tender of the notes and a prayer for rescission. This complaint is signed by the counsel of *Hildebrand*, and is not verified by affidavit as required by the statute. 2 G. & H. 134, sec. 138.

But we do not consider the facts averred sufficient to authorize the court to grant an injunction. The injury, resulting from the loss of possession of the premises, has its adequate legal compensation in a judgment for the rental value thereof. No insolvency having been averred, the allegation that "the cutting of timber "will materially diminish the value of said land," certainly furnishes no ground for the interposition of the court by the exercise of its preventive power. Our statute only authorizes the court to issue this writ, to restrain some act, the commission of which " would produce great injury to the plaintiff." The well-established rule of equity has been, that the writ would only issue to prevent "irreparable injury." The statute must not be construed as having utterly abolished this rule, and transformed a reluctant writ, called into use only in moments of extreme danger, into a volunteer whose ready power may be invoked upon an apprehension of injury for which a rule

of compensation at law has been fixed. In the case under consideration, the appellants filed their several answers, under oath, denying every material averment upon which the prayer for relief was founded. The record shows a submission to the court, and contains no affidavits in support of the application. It seems clear that, under such a state of pleadings in this case, the injunction should have been denied.

The injunction is dissolved, and cause remanded.

*Newman & Newman* and *N. H. Johnson,* for appellant.
*Morton & Kibby* and *J. P. Siddall,* for appellee.