———————— o ————————

THE INDIANAPOLIS ROLLING MILL COMPANY *v.* THE CITY OF INDIANAPOLIS and Another.

INJUNCTION.—TRESPASS.—An injunction will not be granted to restrain the commission of an act which is a simple trespass, when full compensation in damages can be made to the party aggrieved.

APPEAL from the *Marion* Civil Circuit Court.

ELLIOTT, J.—This was a complaint for an injunction by the *Indianapolis Rolling Mill Co.*, the appellant, against the appellees.

It is alleged in the complaint that the appellant is a corporation, created by and under the laws of the State of *Indiana;* that in *April*, 1857, one *Richard A. Douglass* was the owner of out-lot 125, in the city of *Indianapolis*, on which he was then about to erect a rolling mill, for the purpose of rolling and re-rolling railroad iron, which would involve an outlay of at least $100,000 ; that to work said mill successfully, it was necessary to have a railroad track therefrom, connecting with the various railroads extending to said city; that in *April*, 1857, the city, by the mayor and common council thereof, passed an ordinance allowing said *Douglass* to build a railroad track from said out-lot to the *Terre Haute* and *Richmond*, or *Union* railroad track, along and near the middle of *Tennessee* street in said city; that said *Douglass* subsequently erected a rolling mill on said out-lot 125, and also constructed a railroad track therefrom,

on and along *Tennessee* street, to and connecting with the track of the *Terre Haute* and *Richmond* railroad company, and also the *Union* track, in said city, in strict conformity with the terms of said city ordinance; that the appellant is now the owner and holder of said out-lot 125, and the rolling mill and improvements situate thereon, and of the said railroad track therefrom on *Tennessee* street; that said track is essential to the appellant as the only way by which the necessary coal and material can be carried to said rolling mill to keep it in operation, and for shipping off the rails manufactured at said mill.

The acts complained of, and against which an injunction is prayed, are stated thus: "Plaintiff further states that the defendant, *Thomas Wren,* has commenced obstructing the said railroad track of plaintiff along *Tennessee* street, by covering the same with gravel, and will, unless prevented by injunction, completely obstruct said railroad track, so that it cannot be used by plaintiff, which will prevent the full enjoyment of the said track and said mill; and said *Wren* says that he is so obstructing said street under the direction of the mayor and common council of the city of *Indianapolis.* If said *Wren* is not restrained, plaintiffs will suffer irreparable injury."

Answers were filed by the defendants, and issues formed thereon, and on the final hearing the court found for the defendants, and, over a motion for a new trial, dismissed the complaint and rendered judgment against the appellant for costs.

This judgment must be affirmed. The complaint shows no cause to justify the interposition of the extraordinary powers of the court by injunction. It charges *Wren* with a simple trespass, in throwing gravel on the appellant's railroad track, which, allowing it to be unjustifiable, could be fully compensated in damages. The gravel could be readily removed, or the track raised, and the injury, therefore, could not be irreparable. It makes no charge whatever against the city of *Indianapolis.* It alleges that

" *Wren* says he is obstructing said street under the direction of the mayor and common council of the city," but the appellant does not even allege that what *Wren* says is true. The allegation amounts to nothing.

A somewhat different case is made by the subsequent pleadings and evidence, but one, we think, not more favorable to the appellant than that presented by the complaint.

The judgment is affirmed, with costs.

*F. Rand* and *R. H. Hall* for appellant.

*B. K. Elliott* and *J. B. Black*, for appellees.