No. 15,543.

## CHAMP ET AL. *v.* KENDRICK, TRUSTEE.

|130|549|
|---|---|
|135|110|
|130|549|
|143|356|
|130|549|
|147|572|
|130|549|
|148|88|
|148|89|
|130|549|
|160|81|
|160|332|
|160|336|

PRACTICE.—*Pendency of Another Action.—How Raised.—Motion to Dismiss.—Plea in Abatement.*—It is proper to overrule a motion made by a guardian *ad litem* to dismiss an action for the reason "that there is now pending in this court another action in which it is sought to have settled the only question which can be adjudicated in this cause." The matter sought to be raised by the motion must be plead in an answer of abatement, duly verified.

AFFIDAVIT.—*Sworn to Upon Belief.*—An affidavit sworn to upon the belief of a party is equivalent to swearing that it is true. .

PLEADING.—*Want of Verification.—Demurrer.—Motion to Reject.*—Want of verification of a pleading can not be raised by a demurrer, but must be taken advantage of by a motion to reject for want of verification.

INJUNCTION.—*Verification of Complaint.— When not Required.*—Where the only relief prayed for is an injunction upon the final hearing, a verification of the complaint is not required. Where the appeal is from the final judgment, and not from an interlocutory order granting a temporary injunction, it is wholly immaterial whether the complaint was verified or not.

SAME.—*Will.—Devise of Lands.—Sale of Lands by Devisee without Right.—Trustee May Enjoin Purchaser.*—Certain lands were devised to a party for and during his natural life, upon the express condition that the devisee should not sell or dispose of his interest in the lands by a sale in gross, or hold and enjoy the same in any other manner than by renting out the same from year to year and receiving the rents. The will also provided that after closing up the trust and making settlement with the court, the executor should not be finally discharged, but should act as trustee upon the failure of the devisee to keep the taxes upon the lands devised to him fully and promptly paid, or if he should attempt to sell the same in gross.

*Held,* that the trustee might maintain an action to restrain the defendant to whom it was alleged the devisee sold said lands in gross from taking possession of the same, the insolvency of said defendant being alleged, and it being shown that the lands had been sold for taxes, and that they had not been redeemed from the sale, and that the trustee had in his hands no means of said trust with which to pay the taxes, and no way of acquiring such means except by renting out the lands as provided in said will.

ACTION.—*Survival of.—Death of Defendant.—Substitution of Heirs.—Complaint Applies to Them.*—Where in a cause of action which survives, heirs are substituted as defendants upon the death of their ancestors, they stand

in precisely the same relation to the plaintiffs that the original defendants did, and the allegations of the complaint apply to them as if they were original defendants.

From the Fulton Circuit Court.

*S. Keith,* for appellants.

*G. W. Holman, R. C. Stephenson* and *E. Myers,* for appellee.

MILLER, J.—By his last will and testament Joel Townsend devised to Joel R. Townsend certain real estate, for and during his natural life.

The life-estate was given upon the express condition that the devisee should not sell or dispose of his interest in the land by a sale *in gross,* or hold and enjoy the same in any other manner than by renting the same out from year to year and receiving the rents.

The will directed that his executor, after closing up the trust and making settlement with the court, should not be finally discharged, but should continue to act as a trustee upon the contingency that if Joel R. should, at any time, fail to keep the taxes upon the lands devised to him fully and promptly paid, or should attempt to sell the same *in gross,* contrary to the conditions of the devise, then, or in either case, the trustee should take possession of the lands advertised as delinquent, or attempted to be sold, and rent the same out upon the best terms he could obtain, and, after paying such delinquent taxes, needed repairs and expenses, turn over the residue to the devisee.

It was further provided that the devisee might at any time be reinstated in his original condition, by refunding to such trustee the money expended for taxes and other expenses incident to such delinquency.

This action was instituted by the appellee, as trustee, against one Joseph Champ. The complaint alleged that the plaintiff had been appointed by the Fulton Circuit Court as trustee under the will of Joel Townsend, and that he had

Champ *et al. v.* Kendrick, Trustee.

qualified and was acting as such trustee ; that said Joel R. Townsend, contrary to the terms of the will of Joel Townsend, had sold *in gross* and attempted to convey the land devised to him ; that he also failed to keep the taxes on the land fully and promptly paid, but, on the contrary, had permitted the land to be sold for taxes in February, 1885 ; that the lands had not been redeemed from the sale, and that the plaintiff has in his hands no means of said trust with which to pay the taxes, and no way of acquiring such means, except by renting out the land as provided in said will ; that the land is in the possession of one Jacob Stanton, who holds under a lease which will expire on the 10th day of March, 1886, at which time he will vacate the premises ; that the defendant has moved a load of corn and some other goods on said land, and says that he will move to and take possession of the farm as soon as it is vacated by the tenant in possession.

The complaint avers that the defendant is wholly insolvent, worthless and unscrupulous ; that if he gets possession it will be impossible for the plaintiff to discharge his duty under the will of Joel Towsend in carrying out its provisions; that said Champ, being worthless, he could recover nothing from him in the way of damages, and that if he is permitted to go into possession of said land great and irreparable injury and damage to the interests will be incurred.

The prayer for relief is for a restraining order prohibiting the defendant from taking possession of the land, or in any way interfering with the trust, and that upon final hearing the injunction be made perpetual.

During the pendency of the action the defendant Joseph Champ died, and the appellants, who are his children and heirs, were substituted as defendants.

The defendants being minors, a guardian *ad litem* was appointed for them.

A motion was made by the guardian *ad litem* to dismiss the action for the reason, as alleged in the motion, " that

there is now pending in this court another action (No. 3875), in which it is sought to have settled the only question which can be adjudicated in this cause."

This motion the court very properly overruled. The matter sought to be raised by the motion must be plead in an answer of abatement, duly verified. 1 Works Pr. and Pl., sections 563, 562.

The guardian *ad litem* demurred to the complaint; his demurrer was overruled, and refusing to answer further, final judgment was rendered in favor of the plaintiff making the injunction perpetual.

The sufficiency of the complaint is the only remaining question before us for decision.

The appellant insists that the complaint is bad for want of sufficient verification, the affidavit stating that "the matters and things set forth in the foregoing complaint are true, as he is informed and believes."

This verification was good. An affidavit sworn to upon the belief of a party is equivalent to swearing that it is true. *Archibald* v. *Lamb*, 9 Ind. 544; *State* v. *Ellison*, 14 Ind. 380; *McNamara* v. *Ellis*, 14 Ind. 516; *Curry* v. *Baker*, 31 Ind. 151; *Bonsell* v. *Bonsell*, 41 Ind. 476; *Thayer* v. *Burger*, 100 Ind. 262.

It was only necessary to have the complaint verified, because a restraining order was asked and granted. Where the only relief prayed for is an injunction upon the final hearing a verification of the complaint is not required. This appeal being from the final judgment, and not from an interlocutory order granting a temporary injunction, it is wholly immaterial whether the complaint was verified or not. *Sand Creek T. P. Co.* v. *Robbins*, 41 Ind. 79.

Want of verification of a pleading can not be raised by a demurrer, but must be taken advantage of by a motion to reject for want of verification. *Pudney* v. *Burkhart*, 62 Ind. 179; *Indianapolis, etc., R. W. Co.* v. *Summers*, 28 Ind. 521;

Champ *et al. v.* Kendrick, Trustee.

*Harrison* v. *Lockhart,* 25 Ind. 112 ; *Bradley* v. *Bank, etc.,* 20 Ind. 528.

The contention of the appellant that a court of equity will not, under the circumstances stated in the complaint, enjoin that which, if consummated, would amount to nothing more than a simple trespass, presents a question of more difficulty.

The law undoubtedly is as stated in 3 Pom. Eq. Jur., section 1357.

" If a trespass to property is a single act, and is temporary in its nature and effects, so that the legal remedy of an action at law for damages is adequate, equity will not interfere."

A tendency may, however, be noted, particularly in States where, as in our own, the distinction in pleading and practice in actions at law and suits in equity has been abolished, and all courts are courts of law and equity, to look with favor upon the doctrine laid down in a subsequent portion of the section of Pom. Eq. Jur. above cited :

" That a remedy which *prevents* a threatened wrong is in its essential nature better than a remedy which permits the wrong to be done, and then attempts to pay for it by the pecuniary damages which a jury may assess."

It is not necessary, under our code of practice, to aver or prove that the plaintiff will suffer irreparable injury if the relief by injunction is not granted. All that is necessary is to aver and prove that the plaintiff will suffer *great* injury. Section 1148, R. S. 1881 ; *Erwin* v. *Fulk,* 94 Ind. 235.

In *Bishop* v. *Moorman,* 98 Ind. 1, this court quoted with approval from the opinion in *Watson* v. *Sutherland,* 5 Wall. 74, the following language :

" It is not enough that there is a remedy at law ; it must be plain and adequate, or, in other words, as practical and efficient to the ends of justice, and its prompt administration, as the remedy in equity."

We are satisfied that the complaint in this case, while it bears marks of haste in its preparation, states facts that are sufficient to entitle the plaintiff to relief.

Champ *et al.* *v.* Kendrick, Trustee.

The property had been sold for taxes, and it could only be redeemed by renting it out, as directed by the will, and applying the rents to its redemption. This was necessary to preserve the estate, not only for the use of the life tenant, but for the remainder man as well.

In addition to this, it is stated that the defendant was insolvent, so that nothing could be recovered from him in the way of damages.

In High on Injunctions, section 717, it is said:

" Insolvency of the trespasser affords additional ground for the interference, since his inability to respond in damages renders the remedy at law ineffectual." *McQuarrie* v. *Hildebrand*, 23 Ind. 122.

The appellants contend that the amended complaint entirely fails to show any cause of action against the appellants; that the original complaint charges that Joseph Champ was threatening to commit a trespass, but that the amended complaint makes no charge against his children, who are substituted in his place as defendants to the action.

Where, in a cause of action which survives, heirs are substituted as defendants upon the death of their ancestors, they stand in precisely the same relation to the plaintiff that the original defendants did, and the allegations of the complaint apply to them as if they were original defendants.

The appellants indulge in some criticism of the language used in the prayer for relief; but we are satisfied that it was sufficient to give the court to understand that the plaintiff asked for a temporary restraining order, and that upon final hearing he be granted a perpetual injunction. The court below so understood the prayer, and granted this relief.

We find no error in the record.

Judgment affirmed.

Filed March 8, 1892.