Miller v. Burket et al.

Filed Oct. 12, 1892.

No. 15,743.

MILLER v. BURKET ET AL.

INJUNCTION.—Interlocutory Order in Vacation.—Appeal to Supreme Court.—When and how Bond may be Filed.—When an appeal is prosecuted to the Supreme Court from an interlocutory order of injunction granted in vacation, and the nisi prius judge made an order granting the appeal, and directed that a bond be filed, fixing the penalty of the bond, and the time within which it should be filed, and the record shows the filing of a bond in the prescribed penalty within the time limited, and that it was approved by the clerk as in other cases of appeals taken in vacation, the appeal is properly taken. See section 646, clause 3, and 647, R. S. 1881.

SAME.—Threatened Trespass.—Complaint.—Insufficiency of Averments.—When all the averments of a complaint seeking an injunction, taken together, charge a mere threatened trespass, continuous only in a limited sense, as in the case at bar, continuing only long enough to cut and remove the wheat mentioned in the complaint, and there is no averment of the insolvency of the defendant, there is not a sufficient showing to authorize the granting of an injunction. From anything appearing in the

complaint, the defendant may be amply able, pecuniarily, to respond in damages, and no injury is shown to be threatened for which ample compensation may not be made in damages.

PLEADING.—*How Construed.—Isolated Averments.*—A pleading must be construed in accordance with its general scope and tenor, regardless of isolated averments.

From the Cass Circuit Court.

*D. C. Justice, D. H. Chase* and *D. D. Fickle,* for appellant.
*M. Winfield* and *J. C. Nelson,* for appellees.

McBRIDE, C. J.—Appeal from a temporary injunction granted in vacation. The complaint alleges that the plaintiff was the owner, and in the quiet and peaceable possession of certain land, on which was growing at a certain date eighty-three acres of wheat. "That on the 30th day of June, while this plaintiff was thus in the quiet and peaceable possession of said land, and while he was engaged in cutting said wheat the defendants, without right and with force and arms, tore down the plaintiff's fences, and entered upon said premises unlawfully and interfered with the plaintiff and the men whom he had employed and his teams, in their aforesaid lawful occupation of harvesting and cutting said wheat, and commenced cutting down the same, denying the right of this plaintiff so to do, with threats of personal violence and force, drove into the field; that it is now at the season of the year when said wheat should be cut and harvested, and if the plaintiff and his men are thus interfered with and prevented, said wheat will be utterly destroyed and entirely lost; that said defendants have likewise torn down the fences on the public highway and opened up said fields to the public, endangering the destruction of said wheat by cattle that may be straying along the highway; and the defendants unlawfully claim the right at all times and from day to day to tear down the fences and to enter the plaintiff's premises; that the plaintiff, as the owner of said land, in the lawful possession thereof, is entitled under the law to have his possession protected, and should be allowed to ex-

ercise his rights as the owner of said lands and in the possession thereof, free and undisturbed; and that by reason of the violent conduct of the defendants it was an impossibility for him to protect his possession, and enjoy his aforesaid freehold without resort to violence and bloodshed, which he desires to avoid; that for this reason, and in order that he may not be disturbed in the quiet and peaceable possession of his said lands, it is necessary that a restraining order should be granted, and the defendants and each one of them be enjoined from interfering by force and violence, and, leave the possession of his lands, and that he may be allowed to harvest his aforesaid crop of wheat without disturbance and delay; that there is an immediate necessity for the issuing of the restraining order, as before a hearing can be had upon notice they will continue to disturb the plaintiff's fences and prevent the plaintiff and his men from harvesting said wheat, whereby the same may become worthless and entirely destroyed. Wherefore," etc.

The appellant insists that the facts averred are not sufficient to justify the court in granting a temporary injunction. In approaching this question we meet the contention of the appellee that there has been no appeal within the meaning of the statute, and hence, there is no case properly before us. The statute provides that appeals may be prosecuted to this court from an interlocutory order of injunction granted in vacation. Section 646, R. S. 1881, clause 3. Section 647 provides that when the injunction is granted in vacation "The appeal may be taken at the time or during the next term. The appeal shall not be granted until the appellant has filed an appeal bond, as in other cases of appeal."

The only entries in the record relating to the appeal are as follows: July 8, 1890, the following entry was made: "Come again the parties, and the court having heard the evidence, and being fully advised in the premises, it is ordered that the restraining order herein be continued until the further order of the court, from which interlocutory

Miller v. Burket et al.

order the defendants pray an appeal to the Supreme Court, which is granted upon filing an appeal bond in the sum of $200, and twenty days' time is allowed defendants to file appeal bond and bill of exceptions." * * * * *

Under date of July 19 the following appeared :

"And afterward, to wit: on the 19th day of July, 1890, the defendant, Henry Newton Miller, filed in the office of the clerk of the Cass Circuit Court his appeal bond in said cause, which is in words and figures following, to wit": Then follows a copy of appeal bond, which the record shows was "taken and approved" by the clerk of the court on that day. The position of the appellee is that as the appeal in such cases is not governed by the general statute relating to appeals, but by special statutory provisions, there must be strict compliance with all such provisions or there is no appeal. Counsel say : " We therefore conclude that before there can be an appeal from the granting of a temporary injunction, either in term time or in vacation, the court or judge must fix the amount of the bond, the bond must be approved by the court or judge, or time must be taken to file a bond, the sureties being named, and the court or judge must approve the sureties." The question was properly presented, and at the proper time by a motion to dismiss, so that there is no waiver.

Section 646, supra, which authorizes appeals from interlocutory orders, provides that such appeals may taken in several classes of cases.

In some of them the filing of a bond has the effect of staying the operation of the order or judgment of the court below. This, however, is not true of an order of injunction. Such an order continues in operation and in force notwithstanding the appeal, and notwithstanding the filing of a bond. State, ex rel., v. Chase, 41 Ind. 356; Central Union Telephone Co. v. State, ex rel., 110 Ind. 203 ; Walls v. Palmer, 64 Ind. 493; Randles v. Randles, 67 Ind. 434; Alderman v. Nelson, 111 Ind. 255.

Parties can only be relieved from the operation of an in-

junction by a special supersedeas, which may be granted by the appellate tribunal upon proper showing.

This being true, the appellant contends that the provision above quoted from section 647, *supra,* relative to the filing of bonds, must be construed as applying only to those cases where a bond can have the effect of staying the operation of the order appealed from.

In this we can not agree with him. The filing of a bond is by the Legislature made necessary to the granting of the appeal. Why they have done so we need not inquire. It is enough to know that the statute is too plain to leave room for construction. The filing of an appeal bond is an essential to the granting of all appeals under the section in question. The concluding phrase of the section, " as in other cases of appeal," relates to the time and manner of filing and approval of the bond.

We are, however, of the opinion that in this case there was substantial compliance with the statute. The statute, it is true, says that the appeal shall not be *"granted"* until the appellant has filed an appeal bond, etc. This means no more than that the appeal shall not become effectual until the bond has been filed. The bond is to be filed " as in other cases of appeal." The appeal in this case is taken in vacation from a vacation order. In other cases of appeal, taken in vacation, while the court or judge making the order granting the appeal directs the giving of bond, etc., the clerk, either of the Supreme or Circuit Court, may approve the bond and surety. Sections 641 and 642, R. S. 1881.

In the case at bar the judge made an order granting the appeal and directing that a bond be filed, fixed the penalty of the bond and the time within which it should be filed.

The record shows the filing of a bond in the prescribed penalty within the time limited, and that it was approved by the clerk as in other cases of appeal taken in vacation. This was sufficient, and the appeal is properly before us.

This brings us to the consideration of the sufficiency of the facts pleaded to justify the granting of an injunction.

An injunction will never be awarded to restrain the commission of a mere trespass, where it is not shown that the threatened injury will be irreparable, and that full and adequate compensation can not be had in an action at law. *Whitlock* v. *Consumers', etc., Co.,* 127 Ind. 62 ; *Anthony* v. *Sturgis,* 86 Ind. 479 ; *Caskey* v. *City of Greensburgh,* 78 Ind. 233 ; *Indianapolis, etc., Co.* v. *City of Indianapolis,* 29 Ind. 245.

An injunction will, however, be awarded to prevent a threatened continuous disturbance of the possession of the rightful owner of land. *Owens* v. *Lewis,* 46 Ind. 488 ; *Pence* v. *Garrison,* 93 Ind. 345.

Such a case, the appellees insist, is made by the averments of the complaint. They base their claim upon the averment that " the defendants unlawfully claim the right, at all times, and from day to day, to tear down the fences and to enter the plaintiff's premises." Standing alone, this averment seems to justify their contention. In construing a pleading, however, all of its averments must be taken together. This accords with the familiar rule that a pleading must be construed in accordance with its general scope and tenor, regardless of isolated averments. *Platter* v. *City of Seymour,* 86 Ind. 323 ; *Louisville, etc., R. W. Co.* v. *Thompson,* 107 Ind. 442 (458) ; *Henry* v. *Stevens,* 108 Ind. 281.

Construing together all of the averments of the complaint, it becomes clear that the particular averment in question refers alone to the claim by the defendants of a right to enter and cut the wheat in controversy. It is not averred that the appellant asserted any interest in or right to the land, other than the right to break the close and enter upon it, and is apparent that the right thus asserted was only for the purpose of cutting and removing the wheat.

Every other averment of the complaint relates to the controversy over the wheat, and no rule of construction will

justify us in holding that this isolated averment is intended to assert generally a claim by the appellant of a right apart from the subject-matter of the immediate controversy.

The complaint, therefore, charges a mere threatened trespass, continuous only in a limited sense ; that is, continuing long enough to cut and remove the wheat. There is no averment of the insolvency of the appellant. From anything appearing in the complaint he may be amply able pecuniarily to respond in damages, and no injury is shown to be threatened for which ample compensation may not be made in damages.

We find nothing in the complaint sufficient to authorize the granting of an injunction.

The judgment is reversed, at the appellees' costs.

