## The Wabash Railroad Company v. Engleman.

[No. 20,017. Filed March 31, 1903.]

INJUNCTION.—*Threatened Trespass.*—*Complaint.*—*Evidence.*—In a suit to enjoin a railroad company from entering upon and enclosing with a fence a strip of land, the complaint alleged that plaintiff and his grantors have been in open, notorious, and exclusive possession of the land for more than twenty years and that defendant is threatening to enclose same with a fence, and that said threatened occupation of the land is in derogation of the rights of plaintiff, and if not prevented, will work irreparable damage to him. No averments are made showing the nature of the damage, nor is it shown that the trespass will be continued so as to afford a foundation for a claim of title by adverse possession. The evidence showed that the land in controversy had formerly been covered by a gravel pit, and was of little value, and if an intention to fence it was shown, it was not disclosed that, under the circumstances, the fence would be of any special damage to plaintiff. *Held*, that a complete and adequate remedy at law existed in favor of plaintiff; that the complaint was not sufficient on demurrer, and that the court erred in awarding a perpetual injunction upon the evidence given in the case.

From Wabash Circuit Court; *H. B. Shively,* Judge.

Suit by Marquis L. Engleman to enjoin the Wabash Railroad Company from entering upon and inclosing a strip of land with a fence. From a decree in favor of plaintiff, defendant appeals. Transferred from Appellate Court, under §1337u Burns 1901. *Reversed.*

*E. P. Hammond, W. V. Stuart, D. W. Simms* and *J. D. Conner, Jr.,* for appellant.

*John Mitchell* and *W. B. McClintic,* for appellee.

JORDAN, J.—This action was instituted by appellee to enjoin appellant railroad company from entering upon and enclosing with a fence a strip of land of about thirteen acres situated in Wabash county, Indiana, near to appellant's right of way. The trial court upon the verified petition granted a temporary injunction restraining appellant, together with its servants and employes, from trespassing upon or interfering with the plaintiff's possession of the described real estate. Issues were joined between the parties on the complaint and answer, and on the final hearing the court found in favor of the plaintiff, and awarded him a perpetual injunction, from which decree or judgment this appeal is prosecuted.

The errors assigned and relied upon for a reversal relate to overruling the demurrer to the complaint, and in denying a motion for a new trial.

Counsel for appellant argue that the judgment below should be reversed upon the grounds: (1) Insufficiency of the complaint on demurrer; (2) that the evidence is not sufficient to sustain the finding awarding a perpetual injunction, for the reason that it appears that appellant only threatened to commit a mere trespass upon the land in question, for which appellee would have an adequate remedy at law.

The complaint is in one paragraph, and therein it is alleged that the plaintiff is the owner and in possession of the described premises; that he and his grantors have been in the open, notorious, and exclusive possession of the land in dispute, exercising acts of ownership thereover, for more than twenty years last past. The complaint then charges: "That said defendant company is threatening to and is about to enclose said tract of ground, commencing on the west line of said fractional quarter section, on the north line of the defendant's land, six rods from its right of way, thence running eastwardly 1,300 feet with the right of way of said company, and thirty feet wide, in a northerly and

Wabash R. Co. *v.* Engleman.

southerly direction, immediately north of the said right of way, and to exclude the plaintiff from the possession of the same, all without right; that the company has had said strip of land surveyed, and has placed stakes marking the boundary of the ground which it threatens to enclose, and has instructed its employes to build a fence around said strip; that said threatened occupation by said defendant of said land is in derogation and violation of the right of plaintiff, and, if not prevented, will work irreparable damage to him; that said defendant's employes are ready so to fence said land and to exclude plaintiff from possession, and, if not at once by this court prevented, will have the same fenced before notice can be given and an application for an injunction heard in this court." The complaint concludes with a prayer for a temporary injunction, restraining appellant from in any manner fencing or trespassing upon said land, and that on final hearing the railroad company be perpetually enjoined from in any manner claiming ownership or possession of said land, and that plaintiff's title thereto be quieted as against the defendant.

The complaint only professes to state a cause of action for an injunction, and if the facts therein averred are not sufficient to entitle plaintiff to such relief, it is certainly insufficient for any other purpose. It is a well settled proposition that not every trespass will entitle the injured party to relief by the extraordinary remedy of injunction, for the rule is elementary and where there is a complete or adequate remedy at law for the wrong complained of, a court of equity will not interpose, but will leave the complainant to seek relief through the proper or appropriate legal remedy. Therefore, by virtue of this rule, an action for an injunction can not be successfully maintained to restrain or prevent the commission of a mere trespass, unless it is made to appear that the injury apprehended therefrom will be great or irreparable, and consequently can not be adequately compensated in an action for damages against the tres-

passer. This principle has been recognized and well affirmed by many decisions of this court, among which are the following: *Miller* v. *Burket,* 132 Ind. 469, and cases there cited; *McQuarrie* v. *Hildebrand,* 23 Ind. 122; *Indianapolis Rolling Mill Co.* v. *City of Indianapolis,* 29 Ind. 245.

Section 1162 Burns 1901 of our statutory law pertaining to injunctions authorizes the granting of an injunction where it is made to appear that the plaintiff is entitled to the relief demanded, and that such relief, or any part thereof, consists in restraining the commission of some act, the commission or continuance of which would produce great injury to the plaintiff. The construction placed upon this statute by the decisions of this court is that it does not warrant an injunction in cases where the commission of the act can be readily and fully compensated in damages, and where there are no reasons to apprehend a multiplicity of suits on account of the wrong as threatened. *Clark* v. *Jeffersonville, etc., R. Co.,* 44 Ind. 248; *Indianapolis Rolling Mill Co.* v. *City of Indianapolis, supra; Whitlock* v. *Consumers Gas Trust Co.,* 127 Ind. 62.

Of course, the right to invoke the jurisdiction of a court of equity must depend upon the peculiar or particular facts in each case, and one of the questions to be decided is whether the legal remedy under the particular circumstances of the case is adequate, or, in other words, is such remedy as practicable and efficient to promote the interests of justice and its prompt administration as is the remedy in equity? *Denny* v. *Denny,* 113 Ind. 22; *Champ* v. *Kendrick,* 130 Ind. 549; *Allen* v. *Winstandly,* 135 Ind. 105; *Xenia Real Estate Co.* v. *Macy,* 147 Ind. 568.

The authorities affirm that the inadequacy of the legal remedy is the very foundation or indispensable prerequisite for the interposition of a court of equity, for the plain or evident reason that inasmuch as the law has provided a complete or adequate remedy for the redress of the particular

wrong, therefore a court of chancery is not authorized to interpose its prerogative. The strict rule, however, as expressed by Chancellor Kent in *Jerome* v. *Ross,* 7 Johns. Ch. 315, 11 Am. Dec. 484, that in order to entitle a complainant to an injunction to restrain the commission of a trespass it must be a strong and peculiar case of trespass going to the destruction of the inheritance, or where the mischief is remediless, has been to an extent relaxed by modern or later decisions of the higher courts. Pomeroy, Eq. Jurisp. (2d ed.), §1357. The general rule, as asserted, is that in order to give a court of equity the right to enjoin a wrong about to be committed against or upon the property of another, in addition to the fact that the threatened injury must be of such a nature as not to be susceptible of complete pecuniary compensation, the title of the complaining party to the property must be admitted or established by legal adjudication. Pomeroy, Eq. Jurisp. (2d ed.), §252; High, Injunctions (3d ed.), §701. At the close of the last-cited section the author says: "If the title to the *locus in quo* is in doubt, the injunction, if allowed at all, should only be temporary until the title can be determined at law." The reason for this doctrine is because, as a general rule, a court of equity will not try disputed titles to land. Pomeroy, Eq. Jurisp. (2d ed.), §252. But exceptions, however, have been made to this general rule, and there is authority for asserting that when the aggrieved party is in possession of the premises, although his title thereto is in dispute and has not been established by law, if, under the particular circumstances, irreparable injury will result from the threatened wrong or trespass, an injunction will be awarded. High, Injunctions (3d ed.), §698.

By the principles to which we have referred, so far as they are applicable, the sufficiency of the facts in this case may be tested, in order to determine whether appellee is entitled to the extraordinary remedy which he seeks. The complaint, as previously shown, discloses that the threat-

ened trespass will consist in the acts of appellant entering upon the strip of ground in controversy and enclosing it with a fence. The charge is made that the railroad company has instructed its employes to build a fence around the premises. The averment made in the complaint that the threatened occupation of the land is in derogation and violation of the rights of the plaintiff is more in the nature of a recital of that fact than a positive averment thereof. The pleading, as stated, closes with the allegation, "That said defendant's employes are ready so to fence said land and exclude plaintiff from possession;" but as to whether or not, in so doing, these servants or employes will be acting upon their own responsibility, or under and in pursuance of instructions or directions on the part of appellant, is not positively shown, but appellant's connection with the apprehended expulsion of the plaintiff is left to be conjectured or surmised. That a wrong or a trespass is about to be committed by the servant or employe of another is not, alone, sufficient to render the master liable or responsible therefor, unless it appears that the employe is acting under the master's directions or instructions, or within the scope of his employment. *Pittsburgh, etc., R. Co.* v. *Adams*, 25 Ind. App. 164; *Wabash R. Co.* v. *Linton*, 26 Ind. App. 596.

In the construction of a pleading the rule is well settled that no facts will be presumed to exist in favor of the pleader which have not been averred or alleged, as it may be presumed that a party's pleading is as strong in his favor as the facts will warrant. The complaint, when accorded the full force and effect of the facts therein properly alleged, certainly shows that nothing beyond a mere trespass is threatened to be committed upon the premises in controversy. The mere charge is made that if such trespass is not prevented by the court appellee will suffer irreparable damage; but, aside from this general or bare aver-

ment, there are no facts set out to show to the court that the great or irreparable mischief or damage apprehended by the plaintiff will necessarily result if the threatened wrong is carried into effect.    Nothing in addition to the naked charge of irreparable damage is set out to show that the strip of ground in question is of any peculiar or particular use or value to the plaintiff, and that therefore, by reason of the fence which appellant threatens to construct thereon, its value, use, or enjoyment by the plaintiff will be in any manner impaired or affected, to an extent that pecuniary compensation for the damages suffered or sustained will not be adequate.    Neither is it positively shown that the trespass in question will be continued so as to afford appellant a foundation for a claim of title by adverse possession.    The rule is that, when an injunction is invoked to restrain a threatened trespass, the facts showing the great or irreparable damage or mischief apprehended should be set out in the complaint or petition, as a bare averment to that effect will not alone suffice, unless supported by a proper averment of facts.    This is essential in order to enable the court to judge of the necessity for an injunction.    In view of the severity or harshness of the remedy by injunction, a strict adherence to this rule of pleading is required.    *Centerville, etc., Turnpike Co.* v. *Barnett,* 2 Ind. 536; 10 Ency. Pl. & Pr., 925, 926, 950, 954; High, Injunctions (3d ed.), §722.

There is no averment in the complaint of the insolvency of the defendant, nor is such fact established by the evidence.    While it is true that the insolvency of a trespasser is not, alone, sufficient to give a court of chancery jurisdiction to enjoin his tortious acts in a case where there is an absence of other necessary facts, still insolvency is an important element or factor in determining the question of the inadequacy of the relief afforded by an action at law, or, in other words it affords an additional reason to justify a court of equity to interfere, as the inability of the wrongdoer to

respond in damages renders the legal remedy ineffectual. *McQuarrie* v. *Hildebrand,* 23 Ind. 122; *Champ* v. *Kendrick,* 130 Ind. 549; High, Injunctions (3d ed.), §717.

As appellee, in his prayer for relief, among other things, asks that his title be quieted against the defendant, it would seem, therefore, that the purpose of this action is to settle a disputed question of title between the parties. If appellant is asserting or claiming any unfounded title to the premises in question, adverse to appellee, the law furnishes an appropriate and adequate remedy to settle and determine such controversy. On the trial it was, by agreement between the parties, admitted that the predecessor of appellant became the legal owner of the strip of ground in dispute in 1854, and that appellant is still the legal owner thereof, unless its title has been devested by adverse possession on the part of appellee. The greater portion of the evidence introduced by appellee upon the trial was to establish a title to the land in him, as against appellant, by twenty years of adverse possession. The evidence shows that a portion of the ground in controversy had formerly been covered by a gravel-pit which appellant had used for the purpose of obtaining gravel, but this gravel-pit, as it appears, had not been used for a number of years prior to the beginning of this action. The evidence of appellee further discloses that the land is of little value for any purpose whatever; that all that appellant did previous to the beginning of this action was to cause a survey to be made of the land, and to put down some small stakes, the latter being placed from 100 to 300 feet apart, marking the boundaries of the strip of land. The most of these stakes had been plowed up by appellee. Some of appellant's employes said they were going to build a fence, and did construct one on another piece of ground, not the property, however, of appellee. This fence was constructed to a point within 200 feet of the strip of land in question. No fence posts were placed on the ground in dispute; nor did

the surveyor in setting the small stakes place them entirely around the premises. If it be conceded that the evidence shows that appellant was intending to enclose the land in question by a fence, there is nothing to disclose that, under the circumstances, the fence so constructed would be of any special damage to appellee. There is evidence to disclose that appellee's grantor is the real party prosecuting this action, and that he is doing so in the name of appellee in order to have the title to the premises which he professed to convey to appellee confirmed and settled in this action. In fact it may be said that the entire scope of the evidence goes to show that the object of the suit is to settle the question of disputed title between the parties. An injunction, as we have shown, is not as a general rule, the proper remedy for such purpose. Upon any view of the case, we are of the opinion that, under the circumstances, it appears that appellee has a complete and adequate remedy at law for any injury which he may suffer or sustain by reason of the threatened trespass, and is therefore not entitled to the extraordinary remedy of injunction.

We conclude that the complaint is not sufficient on demurrer, and that the court erred in awarding a perpetual injunction upon the evidence given in the case. The judgment is therefore reversed, and the cause remanded to the lower court, with instructions to grant appellant a new trial, and to sustain the demurrer to the complaint.