## SHAFOR ET AL. v. FRY.

[No. 20,548.    Filed March 7, 1905.]

164 315
164 507

164    315
170    378

1. PLEADING.—*Complaint.—Injunction.—Conclusions.*—Facts and not conclusions of law should be pleaded, and this is especially true in injunctions.    p. 318.
2. INJUNCTION.—*Past Acts.*—An injunction will not be granted to prevent acts already committed.    p. 319.
3. PLEADING.—*Complaint.—Injunction.*—A complaint for an injunction to prevent defendant from taking and selling plaintiff's stock of goods, which fails to allege the value of the stock, the right of plaintiff to the building in which the goods are kept, the profit of such business, the number of customers or the value of their patronage, the insolvency of defendant or the damage which would be caused to the plaintiff, is insufficient.    p. 319.
4. ABATEMENT.—*Appearance.—Waiver.*—By appearing to an action and demurring to the complaint, defendant waives his right to an abatement on the ground that the court had no jurisdiction over the person.    p. 321.
5. PLEADING.—*Answer.—Demurrer.—Harmless Error.*—It is harmless error to sustain a demurrer to a paragraph of answer whose facts are admissible under the general denial already filed.    p. 321.

From Jasper Circuit Court; *C. W. Hanley,* Judge.

Action by Jesse J. Fry against William M. Shafor and others for an injunction. From a decree for plaintiff, defendants appeal. Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590.    *Reversed.*

*Harry C. Sheridan,* for appellants.

*W. H. Parkison, Jesse E. Wilson, George Williams* and *John D. Sink,* for appellee.

JORDAN, J.—Appellee sought by this action to secure a restraining order and permanent injunction preventing appellants from selling, controlling and retaining possession of a certain stock of goods. The complaint consists of two paragraphs, the first of which is verified, and was filed in vacation on June 23, 1903, and a restraining order thereon was issued by the judge in chambers, and the defendants

(appellants herein) were directed to appear on June 27, 1903, at the hour fixed for hearing the application. All the parties appeared at the time, and the plaintiff filed a second paragraph of complaint, and the defendants unsuccessfully demurred to each paragraph. An order was then entered by the judge continuing the restraining order in force, and the defendants were further enjoined from removing the property in question from Jasper county, and the cause was continued until the September term, 1903, of the Jasper Circuit Court. At this term the defendants entered a special appearance to the action, and filed a written motion whereby they requested the court to permit them to withdraw the demurrer which they had previously filed to the complaint. This request, over their exceptions, the court denied. Thereupon they filed a plea in abatment whereby they challenged the jurisdiction of the Jasper Circuit Court over their person. It is alleged in said plea that at the time this suit was commenced both of the defendants were residents of Clinton county, Indiana, and that neither of them, at the time the action was commenced, nor at any time thereafter, was a resident of Jasper county, and that the action did not grow out of and was not in connection with any office or agency in said Jasper county. The plaintiff filed a motion to reject and strike out this plea in abatement. During the pendency of this motion, defendants offered evidence to show that they were residents of Clinton county, Indiana, at the time the action was instituted, but the court excluded this evidence, and sustained the motion to strike out and reject the plea in abatement. The defendants then filed an answer in two paragraphs, the first of which was a general denial. The second averred that the plaintiff, at the commencement of this action, had instituted a suit against the defendants in the Jasper Circuit Court to replevy the stock of goods in controversy, and procured a writ of replevin to be issued to the sheriff of said county; that said officer, by virtue of this writ, levied upon and took

possession of the goods in dispute, and delivered them over to the plaintiff, who is now in the possession and control thereof, and has, therefore, under the circumstances, a full and complete legal remedy by replevin, and is estopped from maintaining his action for an injunction. The prayer is that said action be dismissed. The plaintiff successfully demurred to this second paragraph of the answer. There was a trial by the court, and a general finding in favor of plaintiff, to the effect that the defendants should be enjoined from molesting the property described in the complaint, and that the plaintiff had been damaged in the sum of $10. A judgment on the finding was rendered whereby the temporary injunction previously granted was declared to be perpetual, and it was further adjudged that the plaintiff recover from defendants the sum of $10, together with costs. Motions in arrest of judgment and for a new trial were denied. Appellants appeal, and assign errors upon all of the adverse rulings.

The first paragraph of the complaint alleges "that the plaintiff now is, and since the ———— day of January, 1903, has been, the owner of the following described personal property situated in the county of Jasper, State of Indiana, to wit, a general stock of merchandise, consisting of drygoods, groceries, notions, and also the fixtures connected therewith, located in a certain frame building in the town of Fairoaks, State and county aforesaid; that said' building is owned by one Sarah E. Kesler, and is located on the street west of the railroad, facing the railroad." The pleading then avers that the plaintiff, as the owner of said stock of goods and in control and possession thereof, "was conducting a profitable and prosperous mercantile business in said town up to and until the 18th day of June, 1903; that on said day the defendants unlawfully and without right, in the absence of plaintiff, took possession and control of said stock and business, and the building wherein said business was being conducted, closed and locked said building, and

that defendants are threatening to, and will, unless re-
strained from so doing by this court, sell said stock;" that
the defendants are unacquainted and inexperienced in the
mercantile business, and with the patrons and customers of
plaintiff, and if they are permitted to retain possession and
control of said stock and business and sell said stock, it will
result in great and irreparable damages to the plaintiff;
that it will injure the business of the plaintiff, and will de-
stroy the good-will of his patrons in said business, and will
injure the good reputation of the plaintiff in said town of
Fairoaks and the surrounding community, for all of which
the plaintiff can not be compensated in damages. It is
further alleged that the Jasper Circuit Court, wherein the
plaintiff would have to bring a legal action, will not be in
session until the second Monday in September, 1903. The
final prayer of the complaint is that the defendants be per-
petually enjoined from exercising control over said stock of
goods and said business, and from selling any part thereof,
and for all other and proper relief.

1. The sufficiency of each paragraph of the complaint
on demurrer is forcibly assailed by counsel for appellants.
It is manifest that, while the first paragraph of the com-
plaint states some facts, it also contains conclusions without
any statement of the probative facts upon which they may
be said to be based. The general, and in fact the safe, rule
to be observed by a pleader in all cases is to state or allege
facts, and not mere conclusions. *Gum-Elastic, etc., Co.* v.
*Mexico Pub. Co.* (1895), 140 Ind. 158, 30 L. R. A. 700,
and authorities there cited; *Stafford* v. *St. John, ante,* 277.
By reason of the harshness of the remedy by injunction, a
strict adherence to this rule of pleading is required. *Wa-
bash R. Co.* v. *Engleman* (1903), 160 Ind. 329, and author-
ities cited; 10 Ency. Pl. and Pr., 925, 926. In construing
the pleading in controversy, and in determining the rights
of plaintiff thereunder, we must look to and consider the
facts as alleged. His rights can be tested only by the facts

therein shown.  In each particular case wherein an injunction is sought the facts must be clearly averred, so as to enable the court to conclude therefrom that the complainant is entitled to an injunction.  In *Wabash R. Co.* v. *Engleman, supra,* we said: "In the construction of a pleading the rule is well settled that no facts will be presumed to exist in favor of the pleader which have not been averred or alleged, as it may be presumed that a party's pleading is as strong in his favor as the facts will warrant."

2.  It will be seen that the complaint discloses that the defendants, before the commencement of the action, had taken possession and control of the property in controversy, and the building wherein it was situated, and had closed and locked said building.  In respect to the acts committed before this suit was instituted, an injunction would be of no avail, for the rule is well settled that the writ will not be granted to prevent acts already committed, for, under such circumstances, the granting thereof would be useless.  *Heinl* v. *City of Terre Haute* (1903), 161 Ind. 44, and cases there cited.

3.  The evident theory of the first paragraph of the complaint is to obtain an injunction to prevent defendants from retaining possession and control of the property, and to prevent the threatened sale thereof.  The pleading discloses that the plaintiff is the owner of the property which is alleged to be a general stock of merchandise, consisting of dry-goods, groceries, notions, and fixtures connected therewith, located in a certain frame building in the town of Fairoaks, which building is owned by one Sarah E. Kesler.  It will be observed that there are no facts to show that the property in question is of any peculiar or particular value to the plaintiff.  *Allen* v. *Winstandly* (1893), 135 Ind. 105.

In fact there is an entire absence of any positive averments disclosing the value of the property for any purpose. For aught appearing in the pleading the goods in controversy may be of very little value.  There are no facts al-

leged to show that the plaintiff has any interests or rights, as a tenant or otherwise, in and to the building in which the stock of goods is alleged to be located. It is shown that this building is the property of Sarah E. Kesler. The allegation that the plaintiff was conducting a profitable and prosperous mercantile business in the town of Fairoaks is in the nature of a conclusion, with no facts averred in support thereof. It is true that it is charged or recited that defendants are unacquainted with the patrons and customers of the plaintiff, but no facts are alleged to show that the plaintiff had any patrons or customers. It is averred that if they are permitted to retain possession of the stock of goods and business and sell said stock it will result in great and irreparable damage to plaintiff, and destroy the good-will of his patrons. Aside from these mere recitals, there is nothing to disclose that any good-will attached to the business in question. There is no charge that the defendants are insolvent, or any facts tending to establish their inability to respond in damages in the event they retain the property and dispose of the same. See *Allen* v. *Winstandly, supra; Miller* v. *Burket* (1892), 132 Ind. 469; *Gas Light, etc., Co.* v. *City of New Albany* (1894), 139 Ind. 660. The bare allegation that great and irreparable damages will result to the plaintiff, etc., unsupported by any facts, as it is, is not sufficient. *Wabash R. Co.* v. *Engleman, supra.* As we have previously said, in an action for injunction it is essential that the complaint disclose facts in order to enable the court to determine therefrom the necessity of awarding the extraordinary remedy of injunction.

The second paragraph of complaint is substantially the same as the first, and it is open to the same objections. Counsel for appellee cite a number of authorities in support of the proposition that an injunction will lie where there is not an adequate remedy at law. The primary question, however, with which we have to deal in this case, is: has appellee, aside from the conclusions and recitals in

his complaint, disclosed such facts as will authorize a court to hold that he has shown himself entitled to an injunction? That he has not is evident. We conclude that each paragraph of the complaint is insufficient, and the demurrer thereto should have been sustained.

4. Appellants, having entered their appearance to the action and demurred to the complaint before the judge in chambers, could not thereafter plead want of jurisdiction over their person. By demurring to the complaint they submitted their persons generally to the jurisdiction of the court, and thereby waived any question relative to such jurisdiction. *Slauter* v. *Hollowell* (1883), 90 Ind. 286; *Chandler* v. *Citizens Nat. Bank* (1898), 149 Ind. 601.

5. The second paragraph of appellants' answer to the complaint is in the nature of an argumentative denial. If any of the facts therein alleged were admissible in evidence, they could have been introduced under the general denial, which constituted the first paragraph of the answer. Therefore, under the circumstances, sustaining the demurrer to the paragraph in question was harmless. *Jeffersonville Water Sup. Co.* v. *Riter* (1897), 146 Ind. 521.

For the error of the court in overruling the demurrer to each paragraph of the complaint, the judgment is reversed, with instructions to the lower court to sustain said demurrer.