### DOSS *v.* YINGLING ET AL .

[No. 15,305. Filed June 16, 1937.]

*Chester Y. Kelly, Charles D. Hunt,* and *Remy & Remy,* for appellant.

*Charles H. Bedwell,* and *Paul R. Shafer,* for appellees.

CURTIS, J.—This was an action commenced by the appellant upon an amended complaint against the appellees to enjoin the appellee William H. Yingling from dis-

posing of any of his common stock in the corporation known as the Terre Haute Heavy Hardware Company and to enjoin the appellee Merrifield, as treasurer of said corporation, from making any transfer of such stock on the books of said corporation, except in compliance with an alleged oral agreement in relation thereto and except in complince with a certain by-law of said corporation. The by-law relied upon by the appellant is as follows:

"If any stockholder desires to sell his stock in such company, the remaining stockholders of such Company shall have the first right to purchase the same in the proportions of their present holdings in such Company, and the price to be paid for such seller's stock shall be the value of the same as shown by the books of the Company at the time of the proposed sale. Such retiring or selling stockholder shall give to the other stockholders notice in writing of his intention to sell his stock, and such remaining stockholders shall have ten (10) days from the receipt of said notice within which to purchase such stock at its book value; but if they, or either of them, do not exercise the right to purchase, then such selling stockholder is at liberty to sell such stock to third persons. If any stockholder does not desire to avail himself of the privilege to purchase such stock as herein provided, then the other stockholders may exercise such privilege in the proportion of their present holdings."

The appellant alleged that by the said oral agreement no stock of said corporation was to be transferred except in compliance with the terms of said by-law and that said by-law was not to be changed. To the appellant's amended complaint the appellee Yingling addressed seven paragraphs of answer, the first of which was a general denial. The second, among other things, set up the articles of association of the said corporation, the subscription list to the capital stock, and also the by-laws, Article 4 section 1 of which provides that "These by-laws may be amended at any director's meet-

ing by a vote of two-thirds of the whole number of directors. They may be also amended at any stockholders meeting by a vote of stockholders holding not less than fifty-one (51) per cent of the entire capital stock issued. A copy of such amended by-laws shall be sent to each stockholder within thirty days after their adoption." It is not necessary to this opinion to set forth or to abstract each paragraph of answer as no question is made as to any one of them except the seventh. To that paragraph of answer the appellant filed a demurrer which was overruled with an exception and this ruling is assigned as one of the errors relied upon for reversal. The said paragraph of answer among other things alleged that "Defendant further avers that he does not now intend to and is not threatening to sell, exchange, dispose of or give away or transfer any of the common capital stock he owns in said Terre Haute Heavy Hardware Company" and that "this defendant further avers that the acts complained of by said plaintiff against this defendant, William H. Yingling in plaintiff's amended complaint have already been consummated." The demurrer to said paragraph of answer was for want of sufficient facts to constitute a cause of defense. The memorandum to the demurrer is as follows:

## MEMORANDUM

(1) Said seventh paragraph of answer does not allege that the defendant William H. Yingling does not own any of the common capital stock of Terre Haute Heavy Hardware Company."

To each affirmative paragraph of answer the appelland filed a reply in general denial and he also added an affirmative paragraph of reply to the sixth paragraph of answer. Upon the issues thus made the cause was submitted to the court for trial resulting in a finding and judgment that the appellant take nothing by his

amended complaint. In due time the appellant filed a motion for a new trial which was overruled with an exception and this appeal prayed and perfected, the error assigned being the ruling on said demurrer and the ruling on the motion for a new trial. The causes or grounds of the said motion for a new trial are that the finding of the court is not sustained by sufficient evidence and is contrary to law and alleged error as to the admission and rejection of certain named items of evidence.

The instant appeal is the second appeal in this litigation, the first having been decided by this court in the case of *Doss* v. *Yingling et al.* (1933), 95 Ind. App. 494, 172 N. E. 801. The appellant relies upon the above case, but the controlling situation there was different from the instant case. To show the difference in the two appeals we quote from the above case as follows p. 502:

"Appellee Yingling has filed a verified motion to dismiss the appeal alleging therein that the act or acts sought to be enjoined have already been committed by the party against whom the injunction is sought prior to the time of perfecting this appeal from a judgment in this case denying injunctive relief. However, we find upon examination of the petition that appellee Yingling has sold and transferred only sixteen shares of the common capital stock and has remaining in his own name two hundred and seventy-four shares. The amended complaint seeks to restrain William H. Yingling from transferring any of his stock to an innocent purchaser. We hold the issues presented are not moot and therefore the motion to dismiss the appeal is overruled.

We hold that the amended complaint is sufficient as against demurrer."

It is true that the instant case comes to us after a trial upon substantially the same complaint which we

examined in the above case but it must be remembered that this appeal comes to us after trial was had on said complaint and the various paragraphs of answer filed thereto to which reference has heretofore been made. In both cases the stock that was transferred by Yingling had been completely transferred and it was not therefore the subject of injunctive relief. The general rule seems to be well settled that where the act sought to be enjoined has already been committed, an injunction will not be awarded for the reason that the granting thereof would be useless. See: *Heinl* v. *City of Terre Haute* (1903), 161 Ind. 44, 66 N. E. 450; *Shafer et al.* v. *Fry* (1905), 164 Ind. 315, 73 N. E. 698. The essential and controlling difference between the former case and the instant case is this: In the former case the appeal came here upon a ruling on the demurrer to the complaint. No evidence was heard. The complaint alleged: "that appellee William H. Yingling is threatening to and, unless restrained and enjoined by the court, will transfer and assign for value some of his common stock in said corporation to some innocent purchaser not at present a stockholder in the corporation who has no notice of the above-mentioned agreement and by-law in regard to the sale of such stock, in order to defeat appellant's right in said corporation." In the instant case the appeal comes to us after a trial on the issues among which was substantially the same issue as suggested in the above quoted allegation. In the former appeal upon a motion to dismiss we held that the showing that the sixteen shares of stock had been fully transferred making injunctive relief moot in that respect, was not a sufficient showing to require dismissal where the complaint contained the allegations as to other stock which we have above set out. There is no doubt about the correctness of the decision in the former appeal.

The trial court heard the evidence and decided the issue in the instant case as to the threatened sale and transfer of other stock against the appellant. We have examined the evidence and in our opinion it is ample to sustain the decision the court evidently made in reference thereto. The said sixteen shares of stock of Yingling having been fully transferred before the hearing in the instant case in the trial court there was nothing to enjoin in that connection. Upon the question of fact as to whether or not the appellee Yingling was threatening to transfer his other stock the trial court heard all of the evidence and concluded that there was no sufficient showing made by the appellant to warrant the injunctive relief sought. There was certainly some evidence to sustain the trial court and we see no abuse of the descretion vested in the trial court. The decision is sustained by sufficient evidence and is not contrary to law.

We have examined the ruling complained of as to the admission and rejection of evidence notwithstanding the fact that there is much merit in the appellees' contention that no questions have properly been presented as to such matters in the appellant's brief. We have discovered no harmful error in any of such rulings.

It is our conclusion that the ruling on the demurrer to the seventh paragraph of answer was correct and that the motion for a new trial was correctly overruled.

Judgment affirmed.

Bridwell, C. J. not participating.