(February 8, 1895.)

## YOUNG v. FIRST NATIONAL BANK OF HAILEY.

[39 Pac. 557.]

PROCEDURE—COMMUNITY PROPERTY—SEPARATE PROPERTY OF WIFE—INJUNCTION TO RESTRAIN SALE OF.—Defendants recovered judgment against certain parties, including husband of plaintiff. Execution was issued upon such judgment and levied upon certain mining property of plaintiff "as community property" of plaintiff and her said husband, the same being claimed as separate property of plaintiff, and the same was advertised to be sold under such execution. Plaintiff brought her action under section 4538 of the Revised Statutes of Idaho, to enjoin the sale and for the vacation of the writ of execution as to such property. *Held*, that such action was properly brought.

(Syllabus by the court.)

APPEAL from District Court, Shoshone County.

R. F. Buller, for Appellants.

The statutes which abolish the distinction in the forms of actions do not abolish the differences which exist in substance between actions at law and in equity, and a party seeking equitable relief must still show that he has no adequate remedy at law and that he has a proper case for the cognizance of a court of equity. (*De Witt v. Hays*, 2 Cal. 463, 56 Am. Dec. 352.) The plaintiff's petition takes particular pains to allege that she acquired this property by deed of gift, thus bringing her under the protection of section 2495, and also that by the express terms of the conveyance the rents, issues and products were to be her separate property, free from the control of her husband, thus bringing her within the protection of sections 2497 and 2498. Equity will not interfere by injunction where the alleged cloud could be removed by an action at law to quiet title.

(1 High on Injunctions, sec. 377; *Drake v. Jones,* 27 Mo. 428; *Kuhn v. McNeil,* 47 Mo. 389; *Hollister v. Sherman,* 63 Cal. 38; *Grimm v. O'Connell,* 54 Cal. 521; *Imlay v. Carpentier,* 14 Cal. 173; *Rea v. Longstreet,* 54 Ala. 291; *Washburn v. Burnham,* 63 N. Y. 132; *Pixley v. Higgins,* 15 Cal. 127-134.) An action may be maintained in this state to quiet title by one in possession, or to recover in ejectment, if out of possession (Rev. Stats., secs. 4538-4540), and testimony may be perpetuated. (Rev. Stats., sec. 6116.) So that there is no need to rush into a court of equity for protection the moment anyone hints at a question as to the title. There is a manifest misjoinder of parties defendant in this, that no community of interest whatever is alleged or shown between the bank defendant and the defendants Coffin and Berry. (Rev. Stats., sec. 4169; Story's Equity Pleading, sec. 271.)

W. B. Heyburn, for Respondent.

Courts of equity will restrain by injunction a threatened levy of execution upon real estate which is not legally subject to such levy, and thus prevent a cloud upon the title without compelling the owner of the land to wait until the levy has been completed, and then admit himself to be disseised in order to maintain a writ of entry. (*O'Hare v. Downing,* 130 Mass. 19; *Goodell v. Blumer,* 41 Wis. 442.) A sale of the property of a wife, under an execution against her husband, is usually regarded as creating a cloud upon her title. Hence it will be enjoined. (*Alverson v. Jones,* 10 Cal. 9, 70 Am. Dec. 689; *Culver v. Rogers,* 28 Cal. 520; *Nixon v. Nash,* 10 Ohio St. 651; *Hunter's Appeal,* 40 Pa. St. 194; *Fulton v. Hanlow,* 20 Cal. 484; *Davis v. Clark,* 26 Ind. 424, 89 Am. Dec. 471; *McPike v. Pen,* 51 Mo. 63; *Merchants' Bank v. Evans,* 51 Mo. 345; *Oakley v. Trustees,* 6 Paige, 262; *Scott v. Onderdonk,* 14 N. Y. 9, 67 Am. Dec. 106, and note; *Bennett v. McFadden,* 61 Ill. 334.) When a sale, if made, would create a title under which the purchaser could in ejectment recover against the true owner, unless the latter placed his own title in evidence, or by some other means established the invalidity of the purchaser's title, then such sale is a cloud on the title of the true owner, and the present owner of the property may in equity prevent his title

from being clouded by such sale. (*Pixley v. Huggins,* 15 Cal. 127; *English v. Lewis,* 25 Cal. 337; *Downing v. Mann,* 43 Ala. 266; *Martin v. Hewitt,* 44 Ala. 418; *Key City etc. v. Munsell,* 19 Iowa, 305; *Shattuck v. Carson,* 2 Cal. 588; *Petit v. Shepherd,* 5 Paige, 493, 28 Am. Dec. 437; *Bank of United States v. Schultz,* 2 Ohio, 471; *M'Cullough v. Hollingsworth,* 27 Ind. 115; *Porter v. Pico,* 55 Cal. 165.)    There is no misjoinder of parties in this case.    Under section 4102 of the Revised Statutes of Idaho, the sheriff went into possession of the property of respondent under the several writs set out in the complaint, and the possession which he had at the commencement of this suit was held jointly under all the writs adversely to the respondent for the several defendants.

HUSTON, J.—This is an action to remove a cloud from the title of mining property. The facts, concisely stated, are as follows: Appellants brought suit in the district court of the fourth district of Idaho, for Alturas county, against certain parties, including one O. R. Young, the husband of respondent, upon an express contract for the payment of money, and, at the time of commencing said action, caused a writ of attachment to be issued. An alias writ was issued, directed to the sheriff of Shoshone county, under and by virtue of which said sheriff levied upon certain mining property in said Shoshone county, which property appears upon the records of said county in the name of respondent, the wife of said defendant O. R. Young, and, upon the record, purports to have been conveyed to said respondent, Helen L. Young, by one A. P. Horton, "in consideration of friendship and esteem." The respondent, at the time of said conveyance, was engaged as a teacher in the public schools of Shoshone county, and was the wife of the said O. R. Young, "earning her own living and support." Said alias writ of attachment was, by the sheriff of said Shoshone county, levied upon the interests of respondent in said mining property, as appears by the following return of the said sheriff, indorsed upon said writ, and recorded in the records of said Shoshone county, as provided by statute: "To the recorder of Shoshone County, state of Idaho: You will please take notice that under and by virtue of a writ of attachment issued in the within entitled action, out of, and under the seal of, the dis-

trict court of the fourth judicial district of the state of Idaho, in and for the county of Alturas, of which writ the within is a true copy, I have levied upon all the right, title and interest of O. R. Young and Nellie Young, his wife, as community property of said husband and wife, and all right, title and interest of O. R. Young, in and to that certain lode mining claim situate in Evolution mining district, Shoshone county, state of Idaho, known as the 'Coeur d'Alene Nellie'; the same standing of record, in Shoshone county aforesaid, in the name of Nellie Young, wife of said O. R. Young." (Dated and signed by sheriff of Shoshone county.)  Appellants recovered judgment in said action, and caused execution to be issued thereon, which execution was directed to the sheriff of Shoshone county, and was by him levied upon the said mining property of the respondent, as appears by the following indorsement and return of said sheriff, filed in the recorder's office of said Shoshone county: "Sheriff's Notice of Levy and Sale. Under and by virtue of a writ of execution, of which the foregoing is substantially a true copy, I have this day levied on, and will on Monday, the nineteenth day of December, A. D. 1892, between the hours of 1 and 4 P. M. of that day, in front of the district courthouse in the town of Murray, Shoshone county, Idaho, sell at public auction to the highest and best bidder for cash, lawful money of the United States, all the right, title and interest of O. R. Young and Nellie Young, his wife, as community property of said husband and wife, and all the right, title and interest of O. R. Young, the same standing of record in Shoshone county, aforesaid, in the name of Nellie Young, wife of said O. R. Young, of, in and to those two certain lode mining claims known, located, and recorded, respectively, as the 'Coeur d'Alene Nellie' and the 'Emma,' situated in Evolution mining district, Shoshone county, state of Idaho. Dated this twenty-fifth day of November, 1892." (Signed by the sheriff of said Shoshone county.)  On the ninth day of December, 1892, the respondent filed her complaint in the district court for Shoshone county (first district of Idaho), wherein she sets forth her title to the said mining property, the manner of her acquisition thereof, and that the same is her separate property, and prays that the said writs of attachment and execution may

be dissolved and vacated, and that the said sheriff be enjoined from proceeding to sell said property under said writ of execution, and for further relief, etc.   On the nineteenth day of December, 1892, the judgment theretofore recovered by appellants against O. R. Young et al. in the district court for the fourth judicial district, for Alturas county, was reversed by the supreme court of Idaho, and the cause remanded for a new trial. On February 4, 1893, respondent filed, by leave of court, a supplemental complaint, setting up the fact of such reversal of said judgment.   No further proceedings appear to have been taken in said original suit.   On August 21, 1893, appellants filed demurrer to complaint of respondent upon the following grounds: "1. Because the said complaint does not set forth facts sufficient to constitute a cause of action against this defendant; 2. Because there is a misjoinder of parties defendant herein; 3. Because there is no equity in the said complaint." This demurrer of appellants was overruled by the district court, and, the defendants declining to answer, judgment for costs was rendered in favor of plaintiff, and it is from such judgment that this appeal is taken.

It is claimed by the appellants that the levy of the attachment and execution created no cloud upon the title of respondent, for the reason that it is alleged that the deed from Horton to the respondent is one of gift, and not of purchase, which, under the statutes of Idaho would make the property conveyed thereby the separate estate of the respondent.   Concede this, and yet this very fact is controverted by the notice of levy of the attachment, and the notice of levy and sale under the execution, both of which are by the statute of Idaho made matters of record in the county where the property is situated.   The interest of respondent is levied upon as community property. It is advertised to be sold as community property.   "Equity interferes to remove clouds upon the titles, because they embarrass the owner of the property clouded, and tend to impede his free sale and disposition of it."   (2 Am. & Eng. Ency. of Law, 298, note 1, and cases cited therein.)   This rule is peculiarly applicable to the kind of property involved in this action, to wit, mining property.   All dealings in this kind of property must, of necessity, be, to a great extent, speculative,

so far as permanency, character and value are concerned. Science has not yet developed any sure rule or criterion by which the extent, character and value of a mine can be accurately determined in advance. Upon all these matters the purchaser or dealer must take his chances, aided by all the means afforded by science and experience; but upon the question of title he may, and therefore invariably insists upon "making assurance doubly sure." And it is a matter of such uniform experience as to be almost the history of mining transactions that a clear abstract of title is considered a *sine qua non* in all sales and purchases of mining property. The record created by the appellants through the levy of the attachment and execution would inevitably create such a cloud upon the title of respondent's property as would greatly impede and embarrass, if not defeat, the disposition thereof by the owner.

It is claimed by appellants that respondent has a clear and adequate remedy under the provisions of section 4538 of the Revised Statutes of Idaho, providing for an action to quiet title. In answer to this contention, counsel for the respondent insists that such an action would be upon the equity side of the court, and that the proceedings in this case are virtually brought under said section, and that the relief prayed for by injunction is only an incident. We are inclined to accept this theory of counsel for the respondent.

Section 4539 of the Revised Statutes is as follows: "If the defendant in such action disclaim in his answer any interest or estate in the property, or suffer judgment to be taken against him without answer, the plaintiff cannot recover costs." No answer was filed in this case. The argument of the demurrer was heard on February 14, 1894, on the part of plaintiff, and submitted, there being no appearance on the part of defendants. On June 13, 1894, demurrer was overruled, and default and decree ordered entered. Assuming this to have been, as is claimed by respondent, an action based upon section 4538 of the Revised Statutes, no costs should have been adjudged against the defendants.

There is evidently a mistake in the decree in this case. By the terms of the decree, the defendants are enjoined from executing their judgments. The respondent was not a party to

the suits in which the judgments were rendered, and the decree should be limited to enjoining the defendants against enforcing their judgments against the respondent, or her property described in the complaint. To this extent the decree of the district court is modified; and, further, that no costs should be taxed against the defendants in the district court.

We have not discussed the questions raised by the appellants as to misjoinder of parties, and the question of the jurisdiction of the district court for Shoshone county, as we do not see any merit in the points raised. Even the authorities cited by appellants seem to be conclusive against their position. The order of the district court overruling the demurrer is sustained, and the decree of the district court is directed to be amended in accordance with this opinion. Costs to appellants.

Morgan, C. J., and Sullivan, J., concur.

### ON REHEARING.

(March 5, 1895.)

HUSTON, J.—We have given the petition for a rehearing, and the authorities cited therein, a careful examination. There is nothing new presented, nor, in our view, aught that should prompt us to change the decision already rendered.

Morgan, C. J., and Sullivan, J., concur.