[No. 1573.]

BELL ET AL. v. MURRAY, TRUSTEE.

1. PRACTICE—BILLS OF EXCEPTIONS—ORDER EXTENDING TIME.
Where during the term of court at which a judgment is rendered an order is made extending and fixing the time within which a bill of exceptions may be filed, the judge has no authority after the expiration of the term to extend the time.

2. SAME—WAIVER.

Objection to a bill of exceptions on the ground that it was not tendered and filed within the time fixed by order of court is not waived by the defendant in error indorsing thereon that he found the same to be correct, where he stated in his indorsement that he objected to the signing because the time fixed by the court had expired.

3. SAME—MOTION TO STRIKE OUT—JURISDICTION.

A party is not required to first move in the district court to strike out a bill of exceptions on the ground that it was not filed within the time fixed by the court. The district court would have no jurisdiction of such motion.

4. INJUNCTION — PREVENTING CLOUD UPON TITLE — JURISDICTION— PLEADING.

An action to restrain a threatened sale of plaintiff's property, under an execution levied on it as the property of a third person, to prevent a cloud upon plaintiff's title, is different from the statutory action to quiet title. Courts of equity have jurisdiction of the former action under their general powers independent of the statute, and a complaint is sufficient to sustain such an action if it shows that such a sale would injure the salable value of plaintiff's property.

5. PRACTICE—PLEADING—DEFECTS CURED.

Defects in a complaint may be cured by allegations in the answer and cross-complaint of defendant. A defendant cannot be permitted to object to the court proceeding in an action because certain issues are not presented by the complaint when the same issues are raised by the allegations of the answer and cross-complaint and replication thereto upon which the case proceeded to trial and judgment.

*Error to the District Court of Clear Creek County.*

Mr. EDWIN H. PARK, for plaintiffs in error.

Mr. H. J. MURRAY, Mr. T. E. WATTERS and Mr. C. M. KENDALL, for defendant in error.

WILSON, J.

Prior to the consideration of the errors assigned in this cause, a preliminary motion must be disposed of. The judgment herein was rendered on July 9, 1896, and the defendants were allowed ninety days therefrom to prepare and tender their bill of exceptions. On October 9 following, after the expiration of this time allowed, and after the adjournment of

the term at which the judgment was rendered, the judge at chambers made an order allowing defendants seven days further time.    Within this extended time, the bill of exceptions was tendered, signed and filed.    Plaintiff in this court moves to strike out the bill of exceptions, because it was not filed within the time fixed by the court.    The motion must be sustained.    The reasons for this it is not necessary to give, because this whole question has been in two recent opinions thoroughly discussed by this court.    *Winter v. The People, etc.,* 10 Colo. App. 510 ;  *The Beulah Marble Co. v. Dixon,* 12 Colo. App. 525. The facts referred to by defendants are not sufficient to take this case without the rule there announced, nor to constitute a waiver by plaintiff of his right to object.    The plaintiff appears to have objected at all times to the extension of time. It is true that his counsel indorsed upon the bill of exceptions when presented to him, that he found the same to be correct, but in the same indorsement he objected to the signing, because the time therefor as fixed by the court had expired. He there insisted upon his objection, which was all he could do ;  nor was he required, in order to save his rights, to first move to strike out the bill of exceptions in the district court. For the same reason that neither the judge nor the court could have extended the time for filing the bill of exceptions, the court would have had no jurisdiction to entertain the motion to strike it out.    The term at which the judgment was rendered had ended, the time originally fixed for the filing of the bill of exceptions had expired, and the district court had therefore lost all jurisdiction in the matter.    The only way in which plaintiff could attack it was that which he pursued, namely, by motion in this court.    The case of *Railway Co. v. Jackson,* 64 Fed. Rep. 79, cited by counsel, is not in point.    In that the indorsement upon the bill of exceptions by counsel for defendants in error was, " We agree upon the above and foregoing bill of exceptions."    The circuit court of appeals very properly held that this was a plain consent to the enlargement of the time for the settlement of the bill,—that, in other words, by the word " agree " counsel had agreed to every-

thing which was necessary to constitute the bill of exceptions a valid bill. The difference between the indorsement upon that bill and that upon the.one now before us, is apparent at a glance.

Nor does the rule laid down in *Swem v. Green*, 9 Colo. 358, relieve defendants. In that case, the bill had been prepared and tendered to the judge within the time fixed by the court, but he did not sign it for several months afterward. It was very properly held that this was a sufficient compliance with the order. The failure of the judge to sign should not prejudice the party who had complied with the order of the court so far as it was within his power.

We agree with counsel that under this statute as we have felt compelled to construe it, and as other courts have construed similar statutes, cases could easily arise in which parties might be caused great inconvenience, and possibly suffer real hardship. This, however, is matter for the legislature, and not for the courts. We can see no reason why the statute might not be amended, as it has been in many of the states, so as to allow judges in vacation, within proper restrictions and under proper safeguards, to extend the time within which a bill of exceptions must be prepared and tendered, but so long as the statute remains as it is, we see no escape from it.

This question having been disposed of in this manner, only one question raised by plaintiffs in error can be considered, and that is, whether the complaint stated a cause of action. This suit grew out of the levy by defendant Bell as sheriff upon a certain lode claim, of an execution issued upon a judgment in favor of defendant Old, and against John N. Palmer. Plaintiff, claiming to be the owner of the whole of this lode claim, instituted suit, and alleged in his complaint, *inter alia*, that the said Palmer did not then have, nor did he have at the time of the levy, any right, title or interest, legal or equitable, in the premises; that as he was informed and believed, the levy was attempted to be made upon the property under the claim and pretense that Palmer was at the time of

the levy the owner of the equitable title to said property, and that the person in whose name the record title at that time stood, held the record title in trust to and for the use of Palmer; that the defendant sheriff was threatening to sell said premises under the said attempted levy of execution, and that the sale if made would create a cloud upon the title of the plaintiff. The prayer was that the defendants be restrained from selling or attempting to sell the premises under the said execution levy; that the judgment against Palmer be adjudged to be no lien upon the premises, and that the attempted levy be declared absolutely null and void; and that Palmer be adjudged to have had no right, title or interest, legal or equitable, in the premises seized, at the time of the docketing of the judgment in favor of defendant Old, or at the time of the attempted levy of execution thereon, or at any other time.

The contention of defendants substantially is that it appeared from the complaint itself that the record title to the lode claim was not in Palmer, and the complaint further averring that Palmer had no right, title or interest in the claim, the mere levying of an execution upon the right, title and interest of Palmer in the claim, and a sale thereunder, would constitute no cloud upon the plaintiff's title; and that hence, because of the averments of the complaint itself, it appeared that plaintiff could not maintain the action. Counsel are mistaken in designating this action as one to quiet title. It is very clear that it is an action rather to prevent a threatened cloud upon title, which would be caused by a sale by the sheriff under the execution levy, and the execution of his certificate of sale; and also incidentally to remove whatever cloud might be cast upon plaintiff's title by the execution levy. This action is quite different from the statutory action to quiet title, and must not be confounded therewith. This is an action of which courts of equity have jurisdiction under their general powers of jurisdiction, regardless and independent of statute. 3 Pomeroy's Equity Jurisprudence, § 1398, and note; *Logan v. Clough*, 2 Colo. 323. In the

Colorado case just cited, the court said, " The prayer of the bill is that the defendant be enjoined from selling the property in question, and from executing and delivering any conveyances therefor ; in other words, from doing an act which will cast a cloud upon the complainant's title. Whatever doubts may have at one time existed as to the jurisdiction of a court of equity in such cases, they are now put at rest by the modern decisions, and the relief afforded seems to be on the principle of a bill *quia timet*, lest the sale to be made might embarrass the complainant in his rights, or the deed to be executed might cast suspicion on his title." As to what constitutes such a threatened cloud as to sustain this action, and as to what must be the circumstances and conditions under which it may be maintained, the courts differ and there is some apparent conflict of authority. These differences, however, as an examination of the question will disclose, arise from the differences in the statutes of the various states. It is not necessary in this case to discuss the reasons upon which these variant and varying decisions are founded and supported, because, as will be seen hereafter, we base our conclusions upon the particular statute law of this state, and upon the special circumstances of this case. We will only say that in the code states since the adoption of the code, there is and has been a strong and universal tendency towards a relaxation of the old rules in reference to this character of actions, on the ground that both legal and equitable jurisdiction being vested in the same court, and the distinction between legal and equitable actions having been abolished, and courts being required to give such relief as the facts presented may authorize or require, without reference to whether the relief be such as a court of equity or a court of law might give, the reason of the old rule had ceased to exist. Pursuing this trend of modern authority in the code states, it has been held that even where the instrument which it is claimed constitutes a cloud upon the title is void upon its face, the court has power not only to declare the instrument void, but to cancel it where a defendant asserts claim under it. *Day*

*Co. v. The State*, 68 Tex. 537. Whatever may be the rule in other states, we think upon reason and principle that upon the averments of the complaint, the plaintiff was entitled to maintain this action, because under our statute every interest in land, legal and equitable, is subject to levy and sale under execution. Gen. Stats. sec. 1883 ; *Stockgrowers' Bank v. Newton*, 13 Colo. 247. Under the allegations of this complaint, the judgment creditor was contending that the judgment debtor, Palmer, had an equitable title to the lode claim upon which execution was levied, and neither upon principle nor reason must the plaintiff, claiming to be the real owner of all of the property, be compelled to sit back and wait until the claim of the judgment creditor had ripened into a complete and perfect claim, and he had attempted to enforce it. This would be a most unreasonable requirement, and would work great injustice to a plaintiff. Before he could under such a contention be permitted to institute a suit to settle the disputed question, months or years might elapse, and in the mean time the plaintiff, if the true owner, might be absolutely deprived of the highest and most important privilege and attribute of ownership,—that is, the power to sell at the highest price. No one would purchase and pay the same amount were this threatened cloud impending over the title as he would if it were entirely removed.

Upon another ground, it is clear that the pleadings in this action were sufficient to sustain the judgment. Even if it be conceded that the complaint was defective, these defects were cured by the pleadings of defendants. If the complaint omitted any allegations which it should have contained, they were all supplied by the answer and cross-complaint of defendants. In this, after denying the allegations of the complaint, the defendants set up all the allegations tending to show that Palmer was the equitable owner of the premises levied upon, and everything that was necessary to show, that the premises should be subject to sale under the execution and judgment. The prayer was that the defendant Old be decreed to have a lien upon the lode claim levied upon to

the amount of his judgment and costs, and that the same be made available and be enforced by the order and direction of this court. The plaintiff by replication put in issue all of these averments of the answer and cross-complaint, and upon the issues thus made, the case proceeded to trial and judgment. The answer and cross-complaint became therefore an express aider of the complaint of plaintiff, and by reason thereof the suit became in reality an action to test the title of Palmer in the premises, which the judgment creditor was authorized to maintain even before he attempted to subject the premises to execution sale. *Stockgrowers' Bank v. Newton,* *supra.* The defendants having elected to proceed in this manner cannot be now heard to complain. *Cohen v. Knox et al.,* 90 Cal. 266, was a case of somewhat similar features to the one at bar. There as here, the sheriff had made a levy under an execution upon realty, the record title to which was not in the execution debtor. The record owner brought suit to restrain such sale, upon the ground that it would cast a cloud upon the title. The court in its opinion said, " It is not necessary to definitely determine whether this complaint is so totally defective in its statement of a cause of action as to be bad on general demurrer, or whether it merely presents a case of defective averments assailable only by special demurrer, because defendant, in addition to his answer in which the averments of the complaint are denied, filed a cross-complaint in which he asked for affirmative relief, and in which he averred specifically the very facts which he contends should have been averred in the complaint of plaintiff. * * * Upon these pleadings the case went to trial, and it would be a vain thing to reverse the judgment and allow plaintiff to amend her complaint, and aver facts already averred in the cross-complaint, and to again in that form present issues which have been already raised and determined."

In this case, the judgment creditor asked for affirmative relief, sought the power of the court to aid him in enforcing his claims against this property, and did everything which it was in his power at any stage of the proceedings to have

done towards the enforcement of his rights against the property and in derogation of the rights of plaintiff, who was the record owner, and in such case he cannot be permitted in the same breath to object to the court proceeding at all in the action, and to say that the plaintiff in his complaint failed to properly present the issue which he himself, in his answer and cross-complaint, asked to be presented and did fully present, and upon which he went to trial.    *Mitchell v. McFarland*, 50 N. W. Rep. 610; *Kipp v. Hagerman*, 75 N. W. Rep. 746.

The judgment should be affirmed, and it will be so ordered.

*Affirmed.*