**[No. 4087.]**

MEYER ET AL. V. IVES, SHERIFF OF LAKE COUNTY ET AL.

INJUNCTIONS—SALE UNDER SPECIAL EXECUTION.

Where a decree is entered foreclosing a mechanic's lien and ordering a sale of an interest in certain real estate an injunction will not issue in favor of a party in possession and claiming ownership of such real estate to restrain the sheriff from selling such property under the order in the absence of fraud in obtaining such decree, when a sale will not result in gross injustice or irreparable injury to the party seeking to enjoin it, and an action at law to test the validity or effect thereof affords a complete and adequate remedy.

*Appeal from the District Court of Lake County.*

Mr. JOHN A. EWING and Mr. CHARLES CAVENDER for appellants.

Mr. T. A. DICKSON and Mr. F. E. PURPLE for appellees.

Mr. JUSTICE GABBERT delivered the opinion of the court.

The purpose of this action on the part of appellants, plaintiffs below, is to restrain appellees, as defendants, from selling certain real estate which appellants claim to own, under a special execution issued out of the district court of Lake county, in a

cause wherein the appellees, except the sheriff, were plaintiffs, and The Cary Hardware Company, *et al,* defendants. According to the complaint filed by appellants, it appears that such action was one to foreclose a mechanic's lien. By such judgment plaintiffs were awarded specific sums and obtained an order for a sale of the interest of The Holden Smelting & Refining Company in the premises in dispute, to satisfy the judgment rendered in their favor; neither appellants, nor their grantors were parties to the action; no judgment or decree was rendered against them or either of them, it being averred that the Smelting & Refining Company has no interest whatever in the premises. It also appears that the sheriff is proceeding to sell the premises under the special execution issued in that action. The appellants are in the possession of the premises so about to be sold. To this complaint the defendants answered. Upon the trial of the issues they objected to any evidence being heard, for the reason that the complaint did not state facts sufficient to constitute a cause of action. This objection was taken under advisement and the trial proceeded. At the conclusion of the introduction of testimony, the court announced that it would not determine the facts established by the evidence, but would dismiss the action for the reason of the insufficiency of the complaint. A judgment and order were entered acordingly. From this judgment the plaintiffs bring the case here for review on appeal.

The sole question for determination is whether or not the plaintiffs on the facts narrated in their complaint are entitled to relief, restraining the sale in question. On their behalf it is contended that they are, for the reason that the execution sale will create a cloud upon their title. The execution is special. By decree the execution creditors have been awarded a lien upon the premises for the amount of their recovery against The Holden Smelting & Refining Company to the extent of its interest therein, together with an order authorizing a sale of that interest to satisfy their lien. The threatened sale, while not strictly a ju-

dicial one, partakes of that nature. The defendants are only seeking to carry out the decree of the court. They are not proceeding in any wanton or inequitable disregard of the rights of the plaintiffs, but in the method prescribed by the decree. To enjoin them from selling would, in effect, restrain the court from executing its order. No fraud in obtaining the decree is charged; neither does it appear that gross injustice will result to the plaintiffs in case the sale is permitted, or that they will suffer irreparable injury thereby. They are in possession of the premises, and the sale by the sheriff will not necessarily deprive them of such possession. A lien has already been established upon the property to the extent of the interest of the Smelting & Refining Company therein. The title of plaintiffs is already clouded; the cloud will not be increased by the proposed sale; they will not be damaged thereby, to an extent greater than they have already suffered by virtue of the decree. An action to remove the cloud upon their title and test their rights as against the execution creditors or one purchasing at the sale, or some other appropriate proceeding affords them an ample remedy. The maintenance of an action to prevent a cloud upon the title to realty is permitted when it appears that no other proceeding will afford adequate relief. The case at bar, however, is essentially different from those cited by counsel for plaintiffs in support of this contention. In *Bell v. Murray,* 13 Colo. App. 217, and other cases of a similar character, it is held that equity should take jurisdiction at the instance of a party who claims that his title to realty is about to be clouded by a sale under a *general* execution against a party who has no interest in the premises levied upon. The general rule applicable to this case is, that when a sale of specific real estate is directed by decree of court, it cannot be enjoined by a party claiming to be the owner of such property in the absence of fraud in obtaining such decree, when a sale will not result in gross injustice or irreparable injury to the party seeking to enjoin it, and an action at law to test the validity or effect thereof affords

a complete and adequate remedy.   High on Injunctions, (3rd ed.), sec. 367.

The judgment of the district court is affirmed.

*Affirmed.*