## CHRISTMAN v. HOWE ET AL.

[No. 20,314.    Filed April 27, 1904.    Rehearing denied October 7, 1904.]

TRESPASS.— *Upper-Story Tenant.—Right to Put in Gas and Water.*—Where the owner of a lot granted another the perpetual and unrestricted right to erect, maintain, and own the second story of a certain building to be erected on such lot, granting him the unrestricted use of a stairway three and one-half feet in width from the street to said second story, the space under such stairway being closed up below and used for a stairway to the cellar, and the owner of such second story placed gas, sewer, and water pipes from the upper story under such stairway to the street, encasing same neatly in a box about eight inches square and securely fastening same to the stairway next to the brick wall, and causing no danger nor damage to such owner of the first story, such action constitutes at most a mere trespass. *pp. 337, 338.*

SAME.—*Injunction.*—Injunction does not lie to prevent the owner of the upper story of a house from putting in gas and water by means of pipes along his stairway, when it does not permanently injure the building, since at most, it is merely a trespass, full and adequate relief being given by the law, and the real question being as to the legal rights of the upper owner under his grant. *pp. 338, 339.*

From Miami Circuit Court; *J. T. Cox*, Judge.

Action by John Christman against Maurice S. Howe and Warren F. Speicher for an injunction. From a de-

cree for defendants, the plaintiff appeals. Transferred from the Appellate Court under §1337u Burns 1901. *Affirmed.*

*A. H. Plummer, W. G. Todd* and *Alvah Taylor,* for appellant.

*H. C. Pettit,* for appellees.

Jordan, J.—Appellant, on July 8, 1895, instituted this action to enjoin appellees from running gas, water, and sewage pipes from the second story of a certain brick building situated on the following real estate: Twenty-five feet off the north end of lot No. 53 in the city of Wabash, Indiana. The west part of these premises fronted on Wabash street, and the north line thereof abutted on Market street.

The complaint, stripped of conclusions, etc., discloses the following facts: On November 10, 1863, appellant was the owner of the above real estate, and on that date he and one William S. Ludlow entered into a written contract—a copy of which was made a part of the complaint—whereby it was agreed between them to erect a two-story brick building on said premises. The first story was to be erected and maintained by appellant, and the second story was to be erected and maintained by Ludlow. For the consideration, as recited in the contract, appellant covenanted as follows: "Doth covenant, as hereinafter set out, and bargain, sell, and convey unto the said Ludlow, his heirs and assigns, the free and uninterrupted use, as long as the building hereinafter mentioned shall stand, of the following described real estate, situate in the county of Wabash and State of Indiana [describing it], to erect and maintain thereon, and use the same, the second story of the brick building to be erected on said part of said lot by the said Christman and Ludlow. Also, the free and uninterrupted use of space sufficient in the south side of said building to erect, maintain, and use the same, the stairway three and one-half feet in width in the clear, the stairway for said stairs to extend

from the pavement in front of said building up to said room," etc. A supplemental contract, executed by these parties on August 26, 1864, provided that "the said parties hereby agree that the said Ludlow, his heirs and assigns, shall have a perpetual right to erect and maintain a room in the second story over the lot mentioned in said instrument."

Under the terms and provisions of this contract appellant and Ludlow did erect a two-story brick building on said lot, and a stairway was constructed from Wabash street, on the south side of the lot, to the second story, and was three and one-half feet wide in the clear. The first story and the basement of this building were occupied by appellant and his tenants up to the time of the commencement of this action. The upper, or second story, has been occupied by Ludlow and his grantees from the date of said contract until the institution of this action. In the year 1895 appellee Maurice S. Howe became the owner of said second story by purchase from the Masonic lodge, the latter having purchased it from Ludlow. At the time Howe became the owner the second story consisted of one large room. This he partitioned so as to make five rooms, which he fitted up to rent as offices. It is charged in the complaint "that in the construction of said stairs no part of the first-story room was occupied or used, except so much as was necessary to erect said stairway." The complaint charges that on or about the 8th day of July, 1895, the defendant Maurice S. Howe wrongfully and without the license or consent of the plaintiff threatened, and was at the commencement of this suit threatening to and will, if not restrained by the order of the court, run and construct water, gas, and sewer-pipes from his said second-story room through the floor of said second story, about ten inches beyond the landing of the stairs on said second floor, and into plaintiff's said first-story room, and against the south wall of said building, thence south along said south wall and underneath said stairway until the same reaches the floor of said first-story

room; thence through said floor and into the basement; thence under said sidewalk adjoining the building into the mains of the respective kinds of pipe, to wit, water, gas, and sewer-pipe mains.    It is further charged that the weight of these pipes will weaken the stairs and walls of the building, and that cutting the holes through the walls of said building, and fastening the pipes to the same, will impose excessive weight upon said stairs; that said acts will amount to and constitute a continual trespass upon the basement story of said building, and will continue to cause great damage to plaintiff by reason of the careless and negligent overflow of water basins and closets in the said upper story, thereby flooding said first story; and that by reason of the character of said injuries plaintiff can not be compensated in damages.

The prayer of the complaint is that the defendants be forever restrained and enjoined from maintaining any pipes in the said building, and that they be required to permit the building to remain as it was prior to the wrongs threatened and complained of, and that plaintiff's title to said first-story room, the basement thereunder, and the space under said stairs, be forever quieted and put at rest.

Appellant, after the commencement of the action, filed what is termed a second paragraph, or supplemental complaint, wherein it is alleged that, notwithstanding the commencement of this action, of which the defendant Howe had notice, the latter has proceeded, over the objections of plaintiff, and placed the pipes in question as he had threatened to do, and that his said acts in so doing amount to a continuing trespass on the basement story of said building, which causes damage to the plaintiff, by reason of negligently permitting the water-mains and closets in the second story to overflow, and thereby flood the lower story of said building, etc.    A temporary restraining order was granted, upon the complaint, which was subsequently dissolved.

A demurrer to the complaint was overruled, and the de-

fendants answered in three paragraphs, the first of which was a general denial. The demurrer to the second and third paragraphs of the answer was overruled, and appellant replied by a general denial. A trial by the court upon the issues joined by the parties resulted in a finding in favor of the appellees, and over appellant's motion for a new trial judgment was rendered that he take nothing by his action.

The errors assigned are based on the overruling of the demurrer to the second and third paragraphs of the answer, and denying appellant's motion for a new trial.

The theory of the complaint apparently is to enjoin appellees from putting gas, water, and sewage pipes from the second story underneath the stairway to the basement, and thereby connecting such pipes with the respective mains in the public street. The second and third paragraphs of the answer are but argumentative denials. The second sets up and relies on the contract referred to in the complaint, and alleges, among other things, the necessity of having the room situated on the second story supplied with gas, water, and sewage pipes, etc. The third alleges that the defendants are the owners of the free and uninterrupted use and enjoyment of the real estate described in plaintiff's complaint. It is averred that under the contract in question they are seized of a perpetual title to said real estate without restriction. It is further alleged that by the conveyance made by plaintiff in said contract he conveyed to the defendants the free and uninterrupted use of a space on the south side of said building sufficient to erect, maintain, and use a stairway three and 'one-half feet in width in the clear, and that the said lot upon which the said building is located is situated in the very center of the business part of the city of Wabash, and is surrounded by business properties, in all of which there is the common use of gas, water, sewage, and closets by means of similar pipes; that the second story of said building is adapted to and is

equipped for suites of offices, and that the same can not be used, rented, and enjoyed in the usual and ordinary manner prevailing in similar properties in said city without supply pipes for gas and water; that it is the desire of the defendant to avail himself of the necessities and conveniences of gas, water, and closets in the use and enjoyment of his said second story, and that it is absolutely necessary for him, in order to utilize in the usual and ordinary manner his said premises, for himself, and tenants as well, that he have a supply of water and gas in his said premises and rooms, together with a sewage pipe to discharge sewage therefrom. It is further alleged that the stairway to said premises arises at the southwest part of the building on Wabash street, at an angle of about forty degrees, and that for thirty-two years last past a space has been, by mutual agreement of all the owners of said building, set off the south side thereof, nearly its full depth, and three and one-half feet wide, and partitioned from the remainder of said first story by a solid wall with no openings except doorways, that at the west end thereof, and vertically below defendants' stairway, plaintiff has a cellar stairway, and that the space below the stairway is dark and unused, except as a passageway to the cellar and for stowage; that the said stairway leading to the second story is solid and substantial, and rests upon a four-inch projection from the south wall of said brick building, and the north side of the stairway is securely held and supported by timbers of unusual strength and durability; that these defendants, in the use of gas, water, and sewage pipes, propose to use only so much of the first story, viz., a space about six by ten inches square, enclosed by boxing, immediately under and against the south end of the stairway from the lower rest to a point where it joins the floor above, and to connect the same at the lower end under the Wabash street doorsill, three feet under ground, through the building foundation, with supply and discharge pipes in the streets; that the gas and

water supply pipes are two inches, and the soil pipe is four inches; that all of these pipes are to be enclosed neatly, and away from any possible use to which plaintiff's first story can be applied, viz., that is to say, in the said dark and unused cellar spaces between the two stairways, and ten feet above the cellar stairway; that defendants can not place said pipe outside said building, because of being subjected to freezing; that placing them in the place selected will cause the least obstruction; that neither of said pipes, nor the use thereof, can or will interfere in any way with the full use and enjoyment by plaintiff of the premises described in his complaint, and that the present use and enjoyment thereof, together with gas, water, and sewage therein, are absolutely necessary to the ordinary and usual enjoyment by the defendants of the second story, and that said pipes do not and will not in any manner weaken, destroy, or impair the present strength, durability, and condition of said building and its foundation; that defendants do not propose to cut any openings in said building, other than a small hole in the second floor over the dark passageway, immediately below the top of said steps, and against the south wall, and an opening in the foundation wall under the Wabash street doorsill, three feet below said sill.

The facts alleged in each of these paragraphs, so far as the same were admissible, could have been introduced in evidence under the first paragraph of the answer, which, as previously stated, was the general denial. By reason of the conclusion reached in this case we may dismiss the question as to whether these paragraphs of answer were sufficient to withstand appellant's demurrer. If it be conceded that, under the facts averred in the complaint, appellant is entitled to equitable relief by injunction, nevertheless a consideration of the evidence fully discloses that the finding and judgment of the court denying the injunction was a correct conclusion.

Christman v. Howe.

The contract in pursuance of which the building was erected upon the real estate in question was introduced in evidence, and it was shown that the parties thereunder constructed a two-story brick building upon the real estate therein described, and that the appellant had used and enjoyed the lower story thereof, and appellees and their grantors had used and enjoyed the second story. The evidence discloses that the acts of appellees which appellant seeks to enjoin constituted nothing more, at the farthest, than a mere trespass. It is not proved that any great or irreparable damage will be sustained by him by reason of appellees placing and maintaining the gas and water supply pipes in controversy. They base their right or authority to place the pipes as they did on the ground that, under the contract in question, they were vested with the fee simple in and to the premises upon which the building is situated, to the extent, at least, that they may, in a reasonable and appropriate manner, by a proper plumbing, conduct from the public mains artificial gas and water pipes to the second story, and also in like manner conduct or run sewage pipes from the said story into the public sewer. There is evidence in the case to show that the only place which they can run or place these pipes on the south side of the building is under the stairway, to which they were given free and uninterrupted use by the provisions of the contract. They appear to have run two small water and gas supply pipes and one four-inch soil or sewage pipe from below under this stairway through a dark and unused closet or basement beneath up to the second story. These pipes appear to have been hung under the stairway by means of hooks fastened thereto, and the combined weight of the pipes for the entire length thereof was 180 pounds. They were incased in pine boxing about eight inches square; and it is shown that in no manner did they serve to weaken or affect the walls of appellant's lower story. It appears that

they were necessary in order to supply the second story of the building with gas and water. This story had been partitioned off into five rooms, which were rented for office purposes.

It is further shown that the acts which appellant sought to enjoin had been fully committed after the commencement of the action, but before the time of the trial. As previously stated, appellant in his petition prayed for an injunction, and that his title to the real estate and the basement of his story be quieted. The evidence apparently discloses that the very purpose of the action is to settle a disputed question in regard to the title or interest acquired by appellees, under the contract, in the realty upon which the building is situated. The law affords appellant an appropriate and adequate remedy for settling such a controversy. By the facts in the case, as shown by the evidence, the question is fully presented whether appellant is entitled to the interposition of a court of equity. Or, in other words, under the evidence, was he entitled to an injunction? That he is not is fully decided and settled in the appeal of the *Wabash R. Co.* v. *Engleman* (1903), 160 Ind. 329. In that case it is said: "Of course, the right to invoke the jurisdiction of a court of equity must depend upon the peculiar or particular facts in each case, and one of the questions to be decided is whether the legal remedy under the particular circumstances of the case is adequate, or, in other words, is such remedy as practicable and efficient to promote the interests of justice and its prompt administration as is the remedy in equity? * * * The authorities affirm that the inadequacy of the legal remedy is the very foundation or indispensable prerequisite for the interposition of a court of equity, for the plain or evident reason that inasmuch as the law has provided a complete or adequate remedy for the redress of the particular wrong, therefore a court of chancery is not authorized to interpose its prerogative."

As a general rule, in order to give a court of equity the

right to interpose by injunction and prevent a wrong about to be committed against or upon the property of another, the threatened injury must be of such a character or nature as not to be susceptible of complete pecuniary compensation. In addition to this fact, the title or right of the complainant in and to the property in question must be admitted or established by legal adjudication. *Wabash R. Co. v. Engleman, supra.*

It follows that the judgment below was a correct result, and is therefore affirmed.