## First National Bank *v.* Savin.

[No. 6,892.   Filed March 14, 1911.]

1. APPEAL.—*Assignments of Errors.—Carrying back Demurrer to Answer and Sustaining to Complaint.*—To question the sufficiency of a complaint on a refusal of the trial court to carry back a demurrer to an answer and sustain it to the complaint, the assignment must allege a failure so to carry back such demurrer and sustain it to the complaint. p. 270.

2. APPEAL.—*Briefs.—Assignments of Errors.*—An assignment that the complaint is insufficient for want of facts is not waived by appellant's failure to set out such alleged error in its brief under the head of "Errors Relied Upon for Reversal," where it is set out under "Points and Authorities," and is also argued. p. 270.

3. INJUNCTION.—*Threatened Sale of Real Property.—Insolvency.—Complaint.*—A complaint against a sheriff and a judgment creditor who are threatening to sell the plaintiff's real estate by virtue of an execution on a judgment against third persons, is not bad for failing to allege the insolvency of defendants, where other allegations show that the plaintiff has no other adequate remedy for the threatened acts. p. 271.

First Nat. Bank *v.* Savin—47 Ind. App. 266.

4. INJUNCTION.—*Threatened Injuries.—Complaint.* — In a complaint to enjoin defendant from committing certain wrongful acts, it is not necessary to allege that the resultant injuries will be "irreparable," an allegation that the plaintiff will suffer "great" injury being sufficient. p. 272.

5. INJUNCTION.—*Legal Remedy.—Complaint.*—A complaint for injunction which shows that the plaintiff has a legal remedy may, nevertheless, be sufficient, if it further shows that such legal remedy is not as plain and adequate, or as practical and efficient to the ends of justice, as the remedy in equity. p. 272.

6. APPEAL.—*Briefs.—Omission of Questioned Answer.—Waiver.*— Where appellant failed to set out in its brief its answer to which a demurrer was sustained, the error, if any, in the ruling thereon is waived. p. 273.

7. APPEAL.—*Briefs.—Omission of Motion and Ruling.—Waiver.*— Where appellant's brief fails to set out its motion to modify the judgment rendered, or the ruling of the court thereon, any alleged error therein is waived. p. 273.

8. INJUNCTION.—*Law.—Threatened Injuries.—Superiority of Procedure.*—That remedy which prevents the infliction of a wrong is essentially superior to that which permits the infliction of the wrong and afterwards administers punishment therefor. p. 275.

9. INJUNCTION.—*Law.—Equity.—Merger.*—Where actions at law and suits in equity are abolished and one action provided for, the court should grant any relief that the facts indicate, regardless of the ancient rules of law and equity. p. 275.

10. INJUNCTION.—*Threatened Sales of Real Property on Execution against Third Person.—Disputed Title.*—Injunction lies on behalf of an owner of real property to restrain a sale of such property on an execution against third persons; and this is true even though plaintiff's title is in dispute, where irreparable injury might be done. p. 276.

11. INJUNCTION.—*Threatened Sales of Real Property.—Purchasers.*—A good-faith purchaser of real property, though the purchase money has not been paid, may enjoin the claim of a creditor of the vendors, where such claim might work great injury to the purchaser. p. 277.

12. TRIAL.—*Special Findings.—Appeal.—Evidence not in Record.—Presumptions.*—Where the evidence is not in the record on appeal, everything is presumed in favor of the special findings. p. 277.

13. INJUNCTION. — *Threatened Sales. — Execution against Third Persons.—Purchasers.*—Where a good-faith purchaser contracted for land without notice of any claim against it on behalf of the vendors' creditor, the fact that she did not take possession until after the filing of a suit and a *lis pendens* notice, will not de-

prive her of her right thereto, where she took possession before any lien existed against it. p. 277.

14. INJUNCTION.—*Tenants by Entirety.—Threatened Sale of Lands Held by.*—One tenant by the entirety may enjoin the sale, under a judgment against his cotenant, of the land jointly owned. p. 277.

15. EQUITY.—*Real Property.—Equitable Claims.*—Equity courts will protect the holders of equitable claims against real property. p. 278.

16. INJUNCTION.—*Clouding Title.—Prevention.*—Injunction lies to prevent the beclouding of plaintiff's title, where the legal remedy is not as plain and adequate, or as practical or efficient, as the remedy at law. p. 278.

17. INJUNCTION.—*Complete Relief.—Liens.—Purchasers. — Execution against.—Third Persons.*—A purchaser seeking to enjoin a threatened sale of her real estate by virtue of an execution issued on a judgment against her vendors, may, in the same suit, have her title quieted as against any claim by the owners of such judgment. p. 279.

From Superior Court of Allen County; *J. H. Rose,* Special Judge.

Suit by Sarah J. Savin against the First National Bank of Fort Wayne, Indiana, and another. From a decree for plaintiff, defendant bank appeals. *Affirmed.*

*Vesey & Vesey,* for appellant.

*Barrett & Morris* and *S. R. Alden,* for appellee.

HOTTEL, J.—This was a suit brought by appellee against appellant and Jesse Grice, as sheriff, temporarily to restrain and permanently to enjoin such sheriff from selling certain real estate, upon an execution issued upon a judgment rendered in favor of appellant against the Edmund H. Coombs Company, a mercantile corporation, as principal, and Edmund H. Coombs, as surety.

The complaint alleges in substance that appellee, in the fall of 1905, entered into a contract with Ethel H. Coombs and her husband, Edmund H. Coombs, for the purchase of the real estate described in the complaint, and that at that time said Coombs and Coombs were husband and wife, and owned and held said property as tenants by the entirety, and

that they had so owned and held said property since January 2, 1903; that appellee, by reason of such contract of purchase, had, at considerable trouble and expense to herself, procured the cancelation of a lease which she held on other property, and, with the family of her daughter, had taken possession of the premises so contracted for, and has since occupied them under said contract of purchase; that after making said contract, but before the delivery of the deeds, it was reported to appellee that appellant was publicly making claim of some interest in said real estate, and had brought suit against the vendors to set aside the conveyance to them and establish the claim of said bank, and, by consent of said vendors, appellee withheld the payment of the purchase price of said premises, and the vendors placed their warranty deed to appellee and her daughter for said premises in escrow, with the understanding that payment be withheld and the delivery of the deed delayed until said vendors of said real estate and appellant concluded their litigation; that appellant afterwards dismissed the suit against said vendors, brought to set aside their deed, and brought an action against Edmund H. Coombs, as surety, and a mercantile corporation named Edmund H. Coombs Company, as principal, on notes executed in 1905, in which action a judgment was recovered on September 1, 1906, in the Superior Court of Allen County for $9,634.36 against said company, as principal, and Edmund H. Coombs, as surety; that appellant caused an execution to issue on said judgment to sheriff Grice, who, at the direction of appellant, levied on the real estate described in the complaint, advertised it for sale and threatens to and will sell it if not enjoined; that appellant has no rights or interests in said real estate, and appellee avers that it claims an interest adverse to her rights under her said contract of purchase; that the levy was made to embarrass and annoy appellee, and to hinder, delay and prevent her completing said purchase, and cloud her rights in and to said real estate, instead of liti-

gating with said vendors any right or interest appellant might claim against them; that appellee has no desire or intention to embarrass in any way either her vendors or appellant, as to the merits of any controversy between them, and desires that the dispute between them relating to said real estate be disposed of as speedily as possible; that appellee is ready and willing to abide by the disposition of the issues in any suit appellant may see fit to bring against her said vendors, if said suit is promptly commenced and energetically prosecuted.

The sufficiency of this complaint is questioned by counsel for appellant, but counsel for appellee insist that none of the errors relied upon for reversal, as set out in appellant's brief, presents this question. Appellant concedes that the demurrer to the complaint is not in the record, but insists that the demurrer to the answer, which is assigned as error, presents the question of the sufficiency of the complaint. This would be true if appellant had assigned as error the action of the court in not carrying the demurrer back to the complaint; but this appellant failed to do. So the ruling on the demurrer, as presented by the errors assigned, does not raise the question of the sufficiency of the complaint. *McAfee* v. *Bending* (1905), 36 Ind. App. 628; *Lux, etc., Stone Co.* v. *Donaldson* (1904), 162 Ind. 481; *Peters* v. *Banta* (1889), 120 Ind. 416, 424; *Baldwin* v. *Sutton* (1897), 148 Ind. 591.

The seventh assignment of error is that "the complaint does not state facts sufficient to constitute a cause of action." This assignment raises the question of the sufficiency of the complaint, but counsel for appellee insist that it is waived, because appellant has failed in its brief to set it out as one of the "errors relied upon for reversal." Appellant's counsel do, however, under the points and authorities and in the argument, call in question the sufficiency of the complaint, and insist that its sufficiency is presented by the seventh assignment of errors, referring to the

page of the record. We have, therefore, concluded to consider such objections urged to the complaint as are not also urged to the conclusions of law and hereafter considered in connection with the questions there considered.

Counsel insist that the complaint is bad in that it fails to allege (1) the insolvency of the appellant, (2) that irreparable injury would result to appellee if the injunction was not granted, and (3) that appellee has no legal remedy and that the complaint shows upon its face that appellee protected herself by withholding payment of the purchase money until the litigation between appellant and appellee's vendors was concluded.

While it is true that the insolvency of the defendant is a proper averment in a complaint of this character, and when alleged and proved may be a very material and important factor in determining whether the injunction should
3.  be granted, yet it is not a necessary allegation in the sense that a complaint becomes subject to demurrer because of its absence. The allegation becomes important according to its weight and effect in determining the question of the inadequacy of the relief afforded by an action at law, and where the complaint alleges other facts that show such inadequacy of the legal remedy, it will be good in this respect as against demurrer, though it contains no allegation of insolvency.

Upon this subject the Supreme Court said, in the case of *Wabash R. Co.* v. *Engleman* (1903), 160 Ind. 329, 335: "There is no averment in the complaint of the insolvency of the defendant, nor is such fact established by the evidence. While it is true that the insolvency of a trespasser is not, alone, sufficient to give a court of chancery jurisdiction to enjoin his tortious acts in a case where there is an absence of other necessary facts, still insolvency is an important element or factor in determining the question of the inadequacy of the relief afforded by an action at law, or, in other words it affords an additional reason to justify a court of equity

to interfere, as the inability of the wrongdoer to respond in damages renders the legal remedy ineffectual." See, also, *Champ* v. *Kendrick* (1892), 130 Ind. 549, 554; High, Injunctions (3d ed.) §717.

To have alleged the insolvency of appellant would have afforded additional ground for the injunction, but there were other allegations which we think sufficiently showed the inadequacy of the legal remedy, and therefore made the complaint sufficient in this respect.

In this State, under the code, and under the law as expressed by the Supreme Court, it is not necessary that the complaint shall aver that plaintiff will suffer irreparable injury if the relief by injunction is not granted.

4.

All that is necessary is to aver facts showing that "plaintiff will suffer great injury." §1205 Burns 1908, §1148 R. S. 1881; *Xenia Real Estate Co.* v. *Macy* (1897), 147 Ind. 568, 572, 573; *Champ* v. *Kendrick, supra; Erwin* v. *Fulk* (1884), 94 Ind. 235; *Allen* v. *Winstandly* (1893), 135 Ind. 105, 109.

The fact that the complaint in this case discloses that appellee had a remedy at law does not render the complaint bad in this regard, if the other averments of the complaint show that this remedy was not as plain and adequate or as practical and efficient to the ends of justice and its prompt administration as the remedy in equity. *Bishop* v. *Moorman* (1884), 98 Ind. 1, 49 Am. Rep. 731; *Champ* v. *Kendrick, supra; American Plate Glass Co.* v. *Nicoson* (1905), 34 Ind. App. 643; *Meyer* v. *Town of Boonville* (1904), 162 Ind. 165; *Xenia Real Estate Co.* v. *Macy, supra; McAfee* v. *Reynolds* (1891), 130 Ind. 33, 36, 18 L. R. A. 211, 30 Am. St. 194; *Denny* v. *Denny* (1887), 113 Ind. 22.

5.

Under the authorities cited, we think the complaint sufficient to withstand the objections urged against it to which reference has been made. The other objections to the com-

plaint we shall consider in connection with the objections to the conclusions of law.

The second assignment calls in question the ruling of the court in sustaining appellee's demurrer to appellant's fourth paragraph of answer. This answer is nowhere set out in appellant's brief, and no effort is made to set out enough of it to present the question relied upon. Subdivision five of rule twenty-two has not been complied with, and this court will not search the record to find ground upon which to reverse a case, but such assigned error will be treated as waived. *Jones* v. *Mayne* (1900), 154 Ind. 400; *Aydelott* v. *Collings* (1896), 144 Ind. 602, 603; *Chicago, etc., R. Co.* v. *Walton* (1905), 165 Ind. 253; *Princess Amusement Co.* v. *Metzger* (1907), 169 Ind. 376.

The fourth assignment questions the ruling of the court upon a motion to modify the judgment. Neither this motion nor the ruling of the court thereon is set out in the brief. Under the authorities cited, this assigned error is also waived.

The finding of facts is very lengthy, and supports every material allegation of the complaint. We shall, in the discussion of the questions presented on the objections to the conclusions of law, set out the substance of such part of the finding of facts as we deem necessary to an understanding of the question discussed.

On the facts found the court stated its conclusions of law as follows: "(1) The judgment of defendant First National Bank of Fort Wayne against the Edmund H. Coombs Company and Edmund H. Coombs is not a lien upon the real estate described in plaintiff's complaint and plaintiff is entitled to a perpetual injunction against both defendants, enjoining any sale of said real estate upon the execution heretofore issued upon said judgment, or any execution hereafter issued thereon. (2) Plaintiff is entitled to have her title to said real estate quieted as against any claim of

defendant First National Bank of Fort-Wayne under said judgment against Edmund H. Coombs and the Edmund H. Coombs Company.''

Counsel for appellant say: ''The finding of facts, conclusions of law and the exceptions thereto present the following bald question: Can a person with full knowledge that a creditor claims that it has a right to set aside a conveyance of its debtor, contract to buy the real estate from the debtor without paying the purchase price, but, expressly withholding it to protect her from the results of the litigation, enjoin the sale of the real estate on the creditor's execution when the creditor is acting promptly to test the conveyance?'' This is not a fair statement of the question presented by the finding of facts and the conclusions of law thereon. The findings show that appellee had submitted a proposition to buy the real estate in question, which had been accepted by Coombs and Coombs, before she received any information upon the subject of appellant's claim; that before the deeds and papers were signed and delivered she learned of appellant's claim and suit against her vendors to set aside the deed to them, and she then, at the instance of her attorney, protected herself by withholding the purchase money and placing it in the hands of the party who was to hold the deed and papers in escrow pending the settlement of such litigation; that in December, 1905, after appellee had contracted for the real estate in question, appellant filed a suit against appellee's vendors to set aside the deed to them of said real estate, and they afterwards abandoned their effort to set aside said conveyance, and in this action appellant disclaimed any purpose of attacking the conveyance to said Coombs and Coombs as being in fraud of creditors of said Edmund H. Coombs and the Edmund H. Coombs Company, but asserted their right to test the good faith of said conveyance in some future suit.

Counsel for appellant concede that ''it is settled law in Indiana, and in most other states, that courts will enjoin the

sale of the real estate of a third person upon an execution against another,'' but insist that this rule applies only to cases where the judgment debtor never owned the real estate, and ''does not apply to cases where the debtor owned the real estate when the debt was created and subsequently conveyed it by a conveyance charged to be fraudulent.'' Counsel cite some cases in other states that tend to support this contention, but the cases cited and relied upon are from states whose courts of law and equity are separate and distinct. In most states there is considerable conflict in the decisions of the several courts as to when a court of equity ought to intefere, either by way of removing a cloud already existing or of preventing a cloud from being cast on the title. It is now generally recognized by the courts of all the states that a remedy which prevents a threatened wrong is, in its essential nature, better than a remedy which permits the wrong to be done and then attempts to pay for it by the pecuniary damages which a jury may assess, and these courts have abandoned, as erroneous, the old common-law theory of not interfering with persons until they have actually committed a wrong. *Allen* v. *Winstandly, supra;* 3 Pomeroy, Eq. Jurisp. (2d ed.) §1357; *Champ* v. *Kendrick, supra; Xenia Real Estate Co.* v. *Macy, supra.*

In the code states, especially since the adoption of their codes, ''there is and has been a strong and universal tendency towards a relaxation of the old rules in reference to this character of actions, on the ground that both legal and equitable jurisdiction being vested in the same court, and the distinction between legal and equitable actions having been abolished, and courts being required to give such relief as the facts presented may authorize or require, without reference to whether the relief be such as a court of equity or a court of law might give, the reason of the old rule had ceased to exist.'' *Bell* v. *Murray* (1899), 13 Colo. App. 217, 57 Pac. 488.

However great the conflict of authorities in other jurisdictions, it seems to be well settled in Indiana that a landowner may invoke the jurisdiction of a court of equity "for the purpose of arresting a threatened sale of his land upon execution issued against the property of a third person." *Scobey* v. *Walker* (1888), 114 Ind. 254, 255. See, also, *Bishop* v. *Moorman, supra; Petry* v. *Ambrosher* (1885), 100 Ind. 510; *Thomas* v. *Simmons* (1885), 103 Ind. 538; *Walter* v. *Hartwig* (1886), 106 Ind. 123; *Zimmerman* v. *Makepeace* (1899), 152 Ind. 199; *Richwine* v. *Presbyterian Church* (1893), 135 Ind. 80; *Champ* v. *Kendrick, supra; McAfce* v. *Reynolds, supra; Shanklin* v. *Simms* (1887), 110 Ind. 143. To the same effect are the following cases in other states: *Bell* v. *Murray, supra; Key City Gas Light Co.* v. *Munsell* (1865), 19 Iowa 305; *Young* v. *First Nat. Bank, etc.* (1895), 4 Idaho 323, 39 Pac. 557.

It is urged that appellee's title is disputed in this case, and that for this reason the cases cited are not controlling, and counsel cite the cases of *Wabash R. Co.* v. *Engleman* (1903), 160 Ind. 329, and *Christman* v. *Howe* (1904), 163 Ind. 330.

It is insisted by appellant that the following language in the case of *Wabash R. Co.* v. *Engleman, supra,* quoted from High, Injunction (3d ed.) §701, is in point: "If the title to the *locus in quo* is in doubt, the injunction, if allowed at all, should only be temporary until the title can be determined at law." If counsel had examined this case carefully, they would have found that immediately following the language just quoted the court continued as follows: "The reason for this doctrine is because, as a general rule, a court of equity will not try disputed titles to land. 1 Pomeroy, Eq. Jurisp. (2d ed.) §252. But exceptions, however, have been made to this general rule, and there is authority for asserting that when the aggrieved party is in possession of the premises, although his title thereto is in dispute and has not

been established by law, if, under the particular circumstances, irreparable injury will result from the threatened wrong or trespass, an injunction will be awarded.''

We might add, in this connection, that the finding of facts in this case shows that there is in fact no ground for dispute as to the plaintiff's title, and under all the authorities cited in such a case a court of equity will intervene and prevent the clouding of the title,

12. The evidence is not in the record, and everything is presumed in favor of the finding of the court.

Appellant insists that appellee was not in possession of the real estate in question when suit was brought to set aside the vendors' deed to said real estate, and that appellee knew of appellant's claim before she took possession, and that therefore this case does not fall within the exception quoted from the case of *Wabash R. Co.* v. *Engleman, supra.* The answer to this is, that the facts found by the court show that appellee had contracted for the purchase of the real estate before she knew of appellant's claim and before the filing of its suit and *lis pendens* notice, and that she took possession under her said contract of purchase before the lien of the judgment was created—if in fact any lien was created—and before the execution was issued or the levy thereon made, and continued in such possession until after such levy and threatened sale thereunder, which, by this suit was enjoined.

It was held in the case of *Bishop* v. *Moorman, supra,* that ''a tenant by entirety may enjoin sale upon a judgment against his cotenant of the land jointly owned, although the record discloses the character of the title and the nature of the judgment.'' See, also, *Hulett* v. *Inlow* (1877), 57 Ind. 412, 26 Am. Rep. 64; *Davis* v. *Clark* (1866), 26 Ind. 424, 89 Am. Dec. 471.

It is said in 3 Freeman, Executions (3d ed.) p. 2347: ''If the claimant of the property is a lessor, or from any

other cause is not entitled to the immediate possession, he cannot sustain either of the actions at law heretofore mentioned; his legal remedy is regarded as inadequate, and equity will come to his aid. For a like reason, equity will assist a claimant whose title is equitable only.''

In the case of *McAfee* v. *Reynolds, supra,* it was held that a judgment lien holder may protect his interest in lands by injunction. Again in the case of *Shanklin* v. *Simms, supra,* it was held that ''a party who claims as owner or mortgagee of land, levied on under a judgment which is not a lien on it, may maintain a suit for injunction.'' See, also, *Bishop* v. *Moorman, supra.*

A careful examination of all the cases cited, decided by the Supreme Court, convinces us that the question of whether, in this State, a court of equity should interfere to prevent a cloud from being cast upon one's title to real estate depends not merely upon whether the party seeking the relief has a legal remedy, but whether the legal remedy is as plain and adequate, or as practical and efficient to the ends of justice and its prompt administration as the remedy in equity. All the cases cited either expressly or inferentially recognize this test.

In the case of *Christman* v. *Howe* (1903), 163 Ind. 330, one of the cases relied upon by appellant, the Supreme Court, at page 338, quoting from *Wabash R. Co.* v. *Engleman, supra,* said: ''Of course, the right to invoke the jurisdiction of a court of equity must depend upon the peculiar or particular facts in each case, and one of the questions to be decided is whether the legal remedy under the particular circumstances of the case is adequate, or, in other words, is such remedy as practicable and efficient to promote the interests of justice and its prompt administration as is the remedy in equity? * * * The authorities affirm that the inadequacy of the legal remedy is the very foundation or indispensable pre-

requisite for the interposition of a court of equity, for the plain or evident reason that inasmuch as the law has provided a complete or adequate remedy for the redress of the particular wrong, therefore a court of chancery is not authorized to interpose its prerogative.''

The following language in the case of *Bell* v. *Murray*, *supra*, is very applicable to this case: ''Neither upon principle nor reason must the plaintiff, claiming to be the real owner of all of the property, be compelled to sit back and wait until the claim of the judgment creditor had ripened into a complete and perfect claim, and he had attempted to enforce it. This would be a most unreasonable requirement, and would work great injustice to a plaintiff. Before he could under such a contention be permitted to institute a suit to settle the disputed question, months or years might elapse, and in the meantime the plaintiff, if the true owner, might be absolutely deprived of the highest and most important privilege and attribute of ownership,—that is, the power to sell at the highest price. No one would purchase and pay the same amount were this threatened cloud impending over the title as he would if it were entirely removed.''

Measured by the test heretofore expressed, the facts found by the court amply support its first conclusion of law. Is the second conclusion of law, viz., that appellee was 17. entitled to have her title quieted as against appellant's claim under said judgment, warranted by the facts found and the law applicable thereto?

In the case of *Richwine* v. *Presbyterian Church*, *supra*, the court said: ''The policy of the law is, so far as it can be done, to give a complete remedy in one suit for all wrongs complained of growing out of the same transaction, and so put an end to the litigation.'' See, also, *Shattuck* v. *Cox* (1884), 97 Ind. 242.

In view of the facts found in this case and the law as heretofore expressed, appellant is in no position to complain of the second conclusion of law.

Judgment affirmed.